### JOHN L. TOBIAS v. JENNIE C. RICHARDSON ET AL.

1. FAILURE OF ACTION ON PROMISSORY NOTE FOR WANT OF TITLE NOT FAILURE BECAUSE OF JURISDICTION, WHEN.

Failure of an action commenced on a promissory note because the title thereto is in another, is not a failure due to any defect in the jurisdiction of the court, but because the court, in the full exercise of jurisdiction, determines that plaintiff has no title, and, therefore, no right to recover.

2. ACCRUAL OF CAUSE OF ACTION ON PROMISSORY NOTE—DEATH OF PAYEE—STATUTE OF LIMITATIONS.

A cause of action accrues, within the meaning of the statute of limitations, when there coexists a demand capable of present enforcement; a suable party against whom the demand may be then enforced; and a party in being who has a present right to enforce it. Hence, when a note becomes due after the death of the payee the title thereto and the right to enforce its payments vests in the administrator, and the fifteen-year limitation (Sec. 4980 Rev. Stat.) begins to run from the date of the administrator's appointment. But if the note falls due during the lifetime of the holder and maker (both of whom are *sui juris*), a cause of action in favor of the former, and against the latter, immediately accrues, and the statute thereupon begins and will continue to run unless something intervenes to stop it; the death of the payee, and failure to appoint an administrator will not, however, suspend it.

3. CAUSE OF ACTION BARRED, WHEN.

The statute of limitations does not require that certain conditions shall continue to exist after the statute begins to run, in order that it may continue to run; it only prescribes the condition upon which it will commence to run, and that at the end of the designated period, unless certain disabilities intervene, the action is barred.

4. NOTES CONSIDERED AS ADVANCEMENTS, NO PART OF ESTATE.

Notes owned by a decedent at the time of his death are personal property and assets of his estate, the title to which is in the administrator and not the heirs; the latter have no right to enforce their payment. But notes treated as evidence of advancements form no part of the estate.

5. DEBTOR HEIR MUST ACCOUNT TO ESTATE.

A debtor heir who makes a claim on distribution must account to the estate for the amount of his debt; and his share of the joint estate is determined by the result of his accounting.

6. MONEY HELD TO BE ADVANCEMENTS, WHEN.

Money was received by two heirs from the ancestor, which was evidenced by the separate note of each; one of the notes became due before, and the other one after the ancestor's death, the former subsequently becoming barred by the statute of limitations; both heirs had the right to have an administrator appointed, to whom they could and should have paid their notes before either became barred, but both failed to discharge these duties; the estate, which consisted entirely of real estate except the two

notes in question, was held in common by all the heirs for several years; in an action for partition: *Held,* the money received by the two heirs will be held to be advancements, and under Sec. 4171 Rev. Stat. (there being no personalty), will be equalized among all the heirs with reference to the real estate as a fund; and the amount .thereof, with interest to the ancestor's death, will be charged against and deducted from their respective interests in the fund which they otherwise would have inherited.

**7.** No INTEREST ON ADVANCEMENTS AFTER ANCESTOR'S DEATH.

In such case the notes treated as advancements will not bear interest after the ancestor's death.

ERROR to Crawford common pleas court.

**Finley & Gallinger,** for plaintiff.

**C. F. Schaber** and **S. W. Bennett,** for defendants:

The indebtedness of an heir may be deducted from his share of the ancestor's personal estate. Ellis, In re, 5 Dec. 330 (5 N. P. 207) ; 11 Am. & Eng. Enc. Law (2 ed.) 1170, 1171; Howland v. Heckscher, 3 Sandf. Ch. 519, 526; Livingston v. Newkirk, 3 Johns. Ch. 312; Smith v. Kearney, 2 Barb. Ch. 533; Bogart, Ex parte, 28 Hun (N. Y.) 466; Smith v. Murray, 1 Dem. 34, 36; Clarke v. Bogardus, 12 Wend. 67; Wright v. Austin, 56 Barb. 13, 17; Close v. Van Husen, 19 Barb. 505, 509; Blackler v. Boott, 114 Mass. 24; Webb v. Fuller, 85 Me. 443 [27 Atl. Rep. 346; 22 L. R. A. 177] ; Bowen v. Evans, 70 Iowa 368, 369 [30 N. W. Rep. 638] ; Earnest v. Earnest, 5 Rawle (Pa.) 213; Strong v. Bass, 35 Pa. St. 333; Girard Life Ins. Co. v. Wilson, 57 Pa. St. 182; 2 Woerner, Administration 1236.

The same rule is applicable to the assignee of the heir, or persons otherwise succeeding to his interest. 11 Am. & Eng. Enc. Law (2 ed.) 1171; Keim v. Muhlenberg, 7 Watts (Pa.) 79; Martin v. Martin, 56 Ohio St. 333 [46 N. E. Rep. 981] ; Baker v. Carpenter, 69 Ohio St. 15.

The debt may be deducted from the interest in land, as well as from a legacy or distributive share. Keever v. Hunter, 62 Ohio St. 616 [57 N. E. Rep. 454] ; Woodruff v. Woodruff, 13-23 O. C. C. 408, 410.

The right of retainer is applied to debts barred by the statute of limitations. This is based on the theory that the legacy or distributive share is subject to a lien for the amount of the debt. 11 Am. & Eng. Enc. Law (2 ed.) 1172; Holmes v. McPheeters, 149 Ind. 587 [49 N. E. Rep. 452] ; Garrett v. Pierson, 29 Iowa 304; Smith, In Matter of, 14 Misc. 169 [35 N. Y. Supp. 701] ; Bogart, In Matter of, 28 Hun (N. Y.) 466.

The cases of Milne's Appeal, 99 Pa. St. 483; Drysdale's Appeal, 14 Pa. St. 531; Reed v. Marshall, 90 Pa. St. 345; Harrod v. Carder, 2 Circ. Dec. 274 (3 R. 479), announce the rule that debts barred by the statute of limitations in the lifetime of the decedent cannot be retained out of the distributive share, and are not applicable to this case.

Tobias v. Richardson.

The statute of limitations does not operate to extinguish a debt, but bars the remedy only; hence, such debts may be set off against legacies, distributive shares, or the heir.   2 Woerner, Administration 1237, 1238; Angell, Limitations 77, 78; Welsh v. Childs, 17 Ohio St. 319; Gary v. May, 16 Ohio 66, 80; Kerr v. Lydecker, 51 Ohio St. 240, 253, 254 [37 N. E. Rep. 267; 23 L. R. A. 842]; Fisher v. Mossman, 11 Ohio St. 42.

The statute of limitations is not a defense unless there was in existence both some one who could sue, and some one who could be sued. Where an action accrues to the estate of a deceased person, the statute does not begin to run until the qualification of a personal representative. Brown Co. (Treas.) v. Martin, 50 Ohio St. 197, 204 [33 N. E. Rep. 1112]; 19 Am. & Eng. Enc. Law (2 ed.) 220; Angell, Limitations 55, 56; Taylor v. Thorn, 29 Ohio St. 569, 574; Kinkead's Practice 15.

The statute of limitations has no bearing in this case, because it is not an action upon a specialty, or upon an agreement, contract, or promise in writing.   Section 4980 Rev. Stat.

**MOONEY, J.**

These proceedings in error [John L. Tobias v. Jennie C. Richardson et al. and Jennie C. Richardson et al. v. Daniel M. Tobias] both originated in the same action which was commenced in the court of common pleas.   The action was partition and the parties to it were the heirs at law of one William B. Tobias, deceased.   The lands involved descended to the heirs from their said ancestor.   The petition stated that John L. Tobias, Daniel M. Tobias and Jennie C. Richardson were each seized in fee of the undivided one-sixth part of said lands and Marcus A. Charlton of the undivided one-thirtieth part thereof.   By separate answers and cross-petitions Jennie C. Richardson and Marcus A. Charlton deny that the interest of said parties were truly stated in the petition and alleged that their ancestor died intestate, seized in fee of the lands described in the petition, and leaving the parties as named and described in the petition as only heirs at law; that said intestate left no personal estate for distribution; that said defendants, John L. Tobias and Daniel M. Tobias, at the time of the death of said intestate, were each indebted to him upon certain described promissory notes which are now due and have never been paid; that each of said debtor heirs holds his interest in said lands subject to his indebtedness; that said amounts so owing be taken into account in making partition and that these cross-petitioners participate in the partition and have as their shares the one-sixth and one-thirtieth part of the lands respectively after the shares of each of their said debtors are charged with the amount of the indebtedness to the estate.

.John L. Tobias and Daniel M. Tobias, by separate answers, plead, first, in substance, a general denial; second, the statute of limitations; and in addition, John L. Tobias denies the jurisdiction of the court. Cross-petitioners join issue as to the statute of limitations by reply. The lands were ordered sold. A sale was made. Partial distribution of the proceeds ordered, but enough of the fund was retained to abide the further order of the court to adjust the rights of the parties in case the averments of the cross-petition, as heretofore stated, be well taken. After the partial distribution all of the heirs, owning in the aggregate a seven-fifteenth interest in the estate, relinquished all their rights in and to the controversy, heretofore stated, to the cross-petitioners and thereupon and upon their own motion were dismissed from the action. The interests in the estate may be here stated, with relative exactitude, as one-sixth each to John and Daniel, and six-fifteenths to Jennie C. Richardson and four-fifteenths to Marcus A. Charlton.

Upon request the common pleas stated separately its findings of fact and conclusions of law. From the facts found it appears that the parties are heirs of said intestate and are seized of and own the respective shares of the estate "in the pleadings alleged;" that the ancestor died August 18, 1882, leaving no personal estate for distribution, and seized of the real estate described in the petition; that no administrator of said estate was appointed until July 30, 1900, when an appointment was made and the administrator took possession of the two promissory notes hereinafter described; that at the time of the death of the ancestor, defendant, Daniel M., was indebted to him on a promissory note dated March 3, 1881, for $150, interest seven per cent., due one day after date, and upon which one year's interest was endorsed as paid to the ancestor; and defendant John L., was indebted upon a note dated November 1, 1881, for $50, due in one year, interest six per cent., upon which no payment has been made.

It appears from the record that the administrator of the ancestor's estate procured from the probate court a certificate showing the amount of the deficiency of the personalty to fully administer the estate; that he filed this certificate in the original action and that, upon partial distribution, the amount so certified was paid to the administrator from the proceeds of the sale. The trial court found the indebtedness of Daniel M., to be barred by the statute and as to him the cross-petitions were dismissed, and further found that the amount of the note of John L., with interest, should be accounted for as part of the fund for distribution, and distribution was ordered accordingly. The losing parties thereupon commenced these proceedings in error to reverse the adverse judgments of the common pleas.

Tobias v. Richardson.

Plaintiff in error, John L. Tobias, contends that said cross-petitions were based upon promissory notes, the title to which is not in the heirs but in the administrator, and the court of common pleas was without jurisdiction in the action. It seems however, upon the point suggested, that the question is not one of jurisdiction but of the cross-petitioners' right to recover. If A brings an action to recover upon a claim due B, then A must fail, but his failure is not due to any defect in the jurisdiction of the court in which the action is brought but is due to the fact that the court, in the full exercise of jurisdiction, determines that A has no title to the asserted demand and has, in consequence, no right to recover.

By Sec. 4980 Rev. Stat. an action can be brought upon a promissory note only within fifteen years after a cause of action *accrues* thereon. The original action was commenced February 27, 1902. Both of the promissory notes referred to in the pleadings were thus more than fifteen years overdue. If now the cross-petitions in the action filed in March, 1902, be deeemd petitions in actions to enforce the promissory notes, it becomes of first importance to determine when the cause of action accrued in each case.

A cause of action may be said to accrue when there coexists (1) a demand capable of present enforcement; (2) a suable party against whom it may be then enforced; and (3) a party in being who has a present *right* to enforce it. In this view it may be noted that a party may be vested with a present right to enforce a claim when, by reason of a disability, he may not be able to maintain a present action in his own name and on his own behalf. No one will contend that a cause of action can accrue unless it accrues in favor of some one in being and against some one in being. The note of John L. Tobias became due, by its terms, after the death of the payee, William B. Tobias. Upon that note no cause of action accrued to the ancestor because, during his lifetime, there was no breach of the contract to pay. When, by its terms, the note fell due no cause of action accrued because, by reason of the failure to have an administrator appointed, there was no one in being who had a present right to enforce it. In fact, as an asset of the personal estate, no cause of action accrued on the note until July 30, 1900.

The statute of limitations is immaterial so far as barring a claim on the note *as such* of John L. Tobias. When the note of Daniel M. Tobias fell due and was not paid a cause of action accrued thereon, for the breach of the contract to pay was then a present cause of action with William B., a proper plaintiff, and Daniel M., a proper defendant in the action. The statute then commenced to run and unless something intervened to stop it, the cause of action on the note is barred. It is argued here that inasmuch as William B. Tobias died shortly after the

cause of action accrued and the right to sue was thereafter suspended until 1900, because no administrator was appointed the statute should cease to run during the same interval. The statute does not require that certain conditions shall continue to exist, that the statute may continue to run, but only prescribes the condition upon which the statute will commence to run and provides that at the end of the period, unless certain disabilities exist, the action is barred. The case of Daniel M. is not within any exception named in the statute or recognized by our courts, and so the claim against him, considered merely as one upon his note, is barred by the statute of limitations.

But the causes of action, or the claims made by the cross-petitioners, cannot be well founded upon either of these notes as such. The notes are personal property, assets of the estate, and the title to them is in the administrator and these cross-petitioners have no right to enforce them whether the causes of action thereon be barred or not.

The original action was one to partition real estate among cotenants and so, as a court of equity, the common pleas was asked to apart the lands so that each party might have in severalty that part of the joint estate to which in law and in equity he was entitled. The heirs had held this land in common since 1882 when it descended to them. Each heir took a certan share of this land at the moment of the death of the ancestor and whatever title and interest each then took he now has undiminished and unaugmented. At that time it seems there was no personal estate of the intestate for distribution. The ancestor's property, as far as we are advised, consisted of this land and these notes; and this property, the law, by its policy, casts upon these heirs to be divided equally *per stirpes*. A debtor heir, who makes claim on distribution, is required to account to the estate for a debt he owes, and receive his share of the joint estate by the result of his accounting.

"When the lands of the intestate descend to his children, there being no personal estate for distribution, the interest of each child in the lands is subject to his indebtedness to the intestate." Keever v. Hunter, 62 Ohio St. 616 [57 N. E. Rep. 454].

"It is inequitable and at variance with the policy defined in our statutes, to permit one to share in an estate which is diminished by his default and to the prejudice of those whose rights are equal to his." Keever v. Hunter, *supra*, page 619.

On the same page of the opinion Judge Shauck says:

" It is not important whether, to secure equality in cases of this character, we adopt the doctrine of equitable setoff, as has been done by some courts, or, for that purpose, regard the debt as an advancement, as has been done by others."

Tobias v. Richardson.

It appears later in the opinion that the theory of advancement is inclined to, if it is not adopted by the court. In the original case here both of the debtor heirs had the right to have an administrator appointed and the duty to pay their notes. They failed to exercise the right and to discharge the duty. Under these circumstances, when upon the facts, two views may be entertained, by one of which the failure to pay the notes and to take the necessary precedent steps for that purpose is wrongful, and by the other the retention of the money due is rightful, it should not rest with the debtor to say that his ambiguous conduct should receive such a construction as would make him a wrongdoer and enable him to work injustice to his coheirs. We think, under the circumstances of this case, that, by operation of law and with the implied consent of all the heirs, the debts of both John and Daniel were converted into and became advancements from the personal estate at the death of the ancestor; and we believe that these debtors should now be estopped to deny that such is the situation. So considered and as among the heirs the notes would then cease to be personal assets of the estate and the administrator would have no duty in respect to them, nor even on distribution, to recognize them since there is no personal estate to distribute, and by the application of Sec. 4171 Rev. Stat. to the case the desired equality would be effectually preserved. That section provides that if an advancement be made from personal estate, and it exceeds the share that would come from the personal estate to the person receiving the advancement, he shall receive so much less of the real estate as will make his whole share equal, as near as can be estimated, to that of the other heirs of the same degree.

In the event of such advancements being made it is evident that a division of the estate of both kinds is necessary to a determination of the question of interest of the person advanced in the kind of property in which the advancements were equalized. So that, in the case here, John and Daniel never in fact inherited each the one-sixth of these lands, but they did inherit so much less than one-sixth each as would enable their debts to the estate to be considered as advancements and equalized. Their shares were not definite and charged with a specific lien as a debt, but the whole land constituted a fund to equalize the advancements and be the source of an equal division to the heirs. John and Daniel did not each hold the one-sixth part of this land as his own so as to be enabled to say that the statute of limitations has run against a lien upon a definite share, but all the heirs, as tenants in common, held the land, each to have such share therein as upon equalizing the advancements, should be determined. The other heirs, it seems to us, have the undoubted right to hold possession of the land until one

chief purpose of the common possession has been realized, towit, until the advancements have been equalized. It appears affirmatively that the personal estate of the intestate has been fully administered and the debts all paid. In such case clearly, under the case already cited, we are not concerned with possible claims of the administrator to these notes.

We have adopted the theory of advancements in this case and to be consistent that theory must be followed throughout the entire case.

Section 4172 Rev. Stat. is as follows:

"If the value of the estate, real or personal, so advanced, is expressed in the deed of conveyance, or in the charge thereof, made by the intestate, or in the receipt in writing, given by the person receiving such advancement, it shall be considered and taken to be of that value, in the division and distribution of the estate, otherwise it shall be estimated at its value when advanced."

At the death of the intestate Daniel M., owed him, in principal and interest, to that day, on his note, $154.81; and at the same time the amount of principal and interest on John's note was $52.65, and it was at that time that these debts became advancements and at that time a *quantum* of interest in the land taken by inheritance became fixed. Counsel for cross-petitioners insist here, with emphasis and truly, that the right then fixed remains unchanged. These debts, as such, ceased longer to exist and by inheriting a less share in the real estate than they would otherwise be entitled to, the debts were in effect, paid. Upon what principle can either of these debts continue longer to bear interest? We are convinced that they should not do so. We are aware of the cases in which it is held that advancements, after the death of the intestate, shall bear interest; but these cases are at variance with the provisions of Sec. 4172 Rev. Stat., and with the equitable holding in Hosmer v. Sturges, 31 Ohio St. 657, as well as with the theory that the debtor heirs inherited less of the land by reason of their indebtedness. No interest should be charged upon these amounts after the ancestor's death, but the sums to be equalized should be $154.81 to Daniel and $52.65 to John, and no more.

These two proceedings in error will be ordered to be consolidated and distribution of the residue of the fund will be ordered accordingly.

**Day** and **Norris, JJ.,** concur.