THE STATE EX REL. SHISLER, APPELLANT, *v.* OHIO PUBLIC

EMPLOYEES RETIREMENT SYSTEM, APPELLEE.

[Cite as *State ex rel. Shisler v. Ohio Pub. Emps. Retirement Sys.*,

**122 Ohio St.3d 148, 2009-Ohio-2522.]**

*R.C. 145.46 — PERS did not abuse its discretion in denying surviving spouse's*
*request for joint-survivorship annuity when retiree died before his election*
*for joint-survivorship became effective.*

(No. 2008-2102 — Submitted March 24, 2009 — Decided June 4, 2009.)

APPEAL from the Court of Appeals for Franklin County,

No. 07AP-946, 2008-Ohio-4830.

_____

**Per Curiam.**

{¶ 1}   This is an appeal from a judgment denying a writ of mandamus to compel appellee, Ohio Public Employees Retirement System ("PERS"), to accept the election of a pension-payment plan executed by a PERS retiree and directing PERS to provide the retiree's surviving spouse with a monthly benefit based on a joint-survivorship annuity in accordance with the election.  Because PERS did not abuse its discretion in denying the surviving spouse's request for the joint-survivorship annuity when the retiree died before his election became effective, we affirm the judgment of the court of appeals.

**Retirement, Initial Plan Election, and First Change**

{¶ 2}   In 1998, Robert N. McLaughlin, a PERS member, applied for retirement with PERS.  McLaughlin elected to receive his pension benefits under Plan D, which provided a joint-survivorship annuity paying him for life and thereafter paying his surviving spouse.  McLaughlin designated his wife at that time as his beneficiary for any survivorship benefits due under the plan.

**{¶ 3}** Five years later, in 2003, McLaughlin divorced his wife and elected to have his pension-payment plan changed to Plan B, which provides a single-life annuity to the retiree with no monthly payments to any surviving spouse. McLaughlin signed a form acknowledging the effect of his election:

**{¶ 4}** "As provided by Section 145.46, Ohio Revised Code, I authorize the Public Employees Retirement Board to recompute my retirement allowance based on Plan B (single life annuity) and I reserve the right to make later changes as provided by Section 145.46, Ohio Revised Code.

**{¶ 5}** "I understand that the single life annuity is to be paid throughout my life only and terminates at my death with no further payment. If the total allowance received during my lifetime does not equal the total of my payments to the Retirement System, the remaining balance will be paid to my qualified beneficiary."

### Remarriage and Attempted Plan Change

**{¶ 6}** In March 2006, McLaughlin married appellant, Donna J. Shisler. The following month, McLaughlin designated Shisler as his PERS beneficiary, but he did not at that time change his pension-payment plan. He continued to be paid a monthly benefit based on a single-life annuity under Plan B.

**{¶ 7}** In December 2006, McLaughlin requested and was mailed an application to change his payment plan. A few weeks later, a PERS employee discussed the application with him. McLaughlin completed the application in late January 2007, but he incorrectly elected all of the listed payment plans (Plans A, C, and D) instead of following the instructions and choosing only one of the specified plans. PERS returned the form to him with instructions that he was required to choose one payment plan. McLaughlin later telephoned PERS to notify it that he had not received an estimate of his monthly benefits under the different plans, and PERS then mailed him an estimate.

2

{¶ 8}  McLaughlin completed and signed the application to change his pension-payment plan from Plan B, the single-life annuity, to Plan D, a joint-survivorship annuity with Shisler as the beneficiary, on February 25, 2007, and mailed it to PERS on March 1, 2007.  The next day, McLaughlin died.  PERS received McLaughlin's request to change his pension plan on March 5, 2007.  PERS refused Shisler's request for survivor benefits under the decedent's attempted change of the pension-payment plan.

## Mandamus Case

{¶ 9}  Shisler filed a complaint in the Court of Appeals for Franklin County for a writ of mandamus to compel PERS to accept the election executed by McLaughlin and to pay her the monthly survivor benefit in accordance with that election.  PERS submitted an answer, and the parties filed evidence and briefs.

{¶ 10} The court of appeals denied the writ.  This cause is now before us upon Shisler's appeal as of right.

## Mandamus to Remedy Abuse of Discretion by PERS

{¶ 11}  "[M]andamus is an appropriate remedy where no statutory right of appeal is available to correct an abuse of discretion by an administrative body." *State ex rel. Pipoly v. State Teachers Retirement Sys.*, 95 Ohio St.3d 327, 2002-Ohio-2219, 767 N.E.2d 719, ¶ 14.  Because there is no statutory appeal from PERS's determination that Shisler is not entitled to a joint-survivorship annuity, mandamus is an appropriate remedy.  See, e.g., *State ex rel. Davis v. Pub. Emps. Retirement Bd.*, 120 Ohio St.3d 386, 2008-Ohio-6254, 899 N.E.2d 975, ¶ 24.  "An abuse of discretion exists when a decision is unreasonable, arbitrary, or unconscionable."  *State ex rel. Schaengold v. Pub. Emps. Retirement Sys.*, 114 Ohio St.3d 147, 2007-Ohio-3760, 870 N.E.2d 719, ¶ 8.

## Pertinent Statutes

**{¶ 12}** Shisler asserts that PERS abused its discretion in denying her survivorship benefits. She claims that under R.C. 145.46, a properly executed PERS member's request for a change in a pension plan is effective on the date it is received, notwithstanding the member's prior death.

**{¶ 13}** R.C. 145.46 provides:

**{¶ 14}** "(E)(1) Following a marriage or remarriage * * *:

**{¶ 15}** "(a) A retirant who is receiving the retirant's retirement allowance under 'plan B' may elect a new plan of payment under division (B)(1), (3)(b), or (3)(c) of this section based on the actuarial equivalent of the retirant's single lifetime benefit as determined by the board.

**{¶ 16}** "* * *

**{¶ 17}** "(2) * * * *The plan elected under this division shall become effective on the date of receipt by the board of an application on a form approved by the board*, but any change in the amount of the retirement allowance shall commence on the first day of the month following the effective date of the plan." (Emphasis added.)

**{¶ 18}** In analyzing this statute, we determine the legislative intent by reading words and phrases in context and construing them in accordance with rules of grammar and common usage. *State ex rel. Hulls v. State Teachers Retirement Bd. of Ohio*, 113 Ohio St.3d 438, 2007-Ohio-2337, 866 N.E.2d 483, ¶ 32; *State ex rel. Turner v. Eberlin*, 117 Ohio St.3d 381, 2008-Ohio-1117, 884 N.E.2d 39, ¶ 14.

**{¶ 19}** R.C. 145.46(E)(2) expressly provides that an election to change a retiree's pension-payment plan after remarriage is not effective until it is received by the PERS board.

**{¶ 20}** Although Shisler correctly observes that this provision does not specify that an election to change a pension-payment plan is invalidated if the retiree dies before the election is received by the PERS board, R.C. 145.46 and

related statutes establish this. Under the in pari materia canon of construction, "we read all statutes relating to the same general subject matter together and interpret them in a reasonable manner that 'give[s] proper force and effect to each and all of the statutes.' " *Cheap Escape Co., Inc. v. Haddox, L.L.C.*, 120 Ohio St.3d 493, 2008-Ohio-6323, 900 N.E.2d 601, ¶ 13, quoting *State ex rel. Herman v. Klopfleisch* (1995), 72 Ohio St.3d 581, 585, 651 N.E.2d 995.

{¶ 21} For purposes of R.C. Chapter 145, an "annuity" is defined as "payments *for life* derived from contributions made by a contributor and paid from the annuity and pension reserve fund." (Emphasis added.) R.C. 145.01(L). R.C. 145.43(D) provides that "[a]ny amount due a retirant * * * receiving a monthly benefit and unpaid to the retirant * * * *at death* shall be paid to the beneficiary designated in writing on a form approved by the board, signed by the retirant or recipient and filed with the board." (Emphasis added.) Similarly, R.C. 145.451 provides for a lump-sum death benefit to the retiree's beneficiary upon the retiree's death.

{¶ 22} When he died, McLaughlin was receiving a PERS benefit under Plan B, a single-life annuity, to be paid during his lifetime. As he acknowledged in his request to change his pension-payment plan to Plan B after he divorced his first wife, the benefit terminated upon his death with no survivorship payment. At the time of his death, Plan B was the only payment plan in effect. Therefore, Shisler was entitled to only the lump-sum death benefit pursuant to R.C. 145.451. She was not entitled to the monthly payments under the Plan D joint-survivorship annuity, because at the time McLaughlin died, his election for Plan D was not effective under R.C. 145.46(E)(2). The PERS board did not receive that election until *after* his death.

{¶ 23} This result is also supported by precedent. In *State ex rel. Solomon v. Bd. of Trustees of the Police & Firemen's Disability & Pension Fund* (1995), 72 Ohio St.3d 62, 647 N.E.2d 486, we unanimously affirmed the denial of a writ

of mandamus to compel a public-employee retirement fund to honor a deceased police officer's application to cancel a single-life annuity payment plan and reselect a joint-and-survivor annuity plan with his wife as beneficiary. The court held that under the applicable statute, the decedent's application for the joint-and-survivor annuity plan was invalidated by his death before the effective date of his election:

{¶ 24} "When Mr. Solomon died, his reselected plan, including his nomination of his wife as beneficiary, was not effective. At that time, his single life annuity was in effect and his right to retirement benefits in the fund terminated. Therefore, Mrs. Solomon was not entitled to retirement benefits based upon R.C. 742.3711(C) and Ohio Adm.Code 742-3-07(C)(2)." Id. at 66, 647 N.E.2d 486.

{¶ 25} Moreover, although Shisler correctly asserts that ambiguous pension statutes must be construed liberally in favor of public employees and their beneficiaries, there is no need to liberally construe statutes with unequivocal and definite meanings. *State ex rel. Van Dyke v. Pub. Emps. Retirement Bd.*, 99 Ohio St.3d 430, 2003-Ohio-4123, 793 N.E.2d 438, ¶ 35. The applicable statutes here, including R.C. 145.46, have unequivocal meanings. Cf. *Solomon*, 72 Ohio St.3d at 65-66, 647 N.E.2d 486.

{¶ 26} Therefore, PERS did not abuse its broad discretion in denying Shisler's request for monthly payments under a joint-survivorship annuity.

### Equitable Estoppel

{¶ 27} Shisler also claims that the court of appeals erred in failing to hold that PERS was equitably estopped from denying her request for survivorship benefits because a PERS employee had not provided McLaughlin estimates of the monthly payments under the various plans.

{¶ 28} " 'Equitable estoppel prevents relief when one party induces another to believe certain facts exist and the other party changes his position in

reasonable reliance on those facts to his detriment.' " *Doe v. Archdiocese of Cincinnati*, 116 Ohio St.3d 538, 2008-Ohio-67, 880 N.E.2d 892, ¶ 7, quoting *State ex rel. Chavis v. Sycamore City School Dist. Bd. of Edn.* (1994), 71 Ohio St.3d 26, 34, 641 N.E.2d 188. Equitable estoppel usually requires actual or constructive fraud. *State ex rel. Mun. Constr. Equip. Operators' Labor Council v. Cleveland*, 114 Ohio St.3d 183, 2007-Ohio-3831, 870 N.E.2d 1174, ¶ 64.

{¶ 29} There is no evidence of fraud here. In addition, there is no evidence of any mistaken advice by PERS. Therefore, PERS was not estopped from denying Shisler's request for survivorship benefits.

{¶ 30} Finally, Shisler was not entitled to have the decedent's application relate back to the date that his original, incorrectly completed application to change from Plan B to Plan D was filed. Shisler's reliance on *Jeany v. Atlas Constr. Co.* (Aug. 15, 1989), Franklin App. Nos. 88AP-1190 and 88AP-1196, 1989 WL 92064, is misplaced. *Jeany* is a workers' compensation case in which the court of appeals refused to allow a claimant to be penalized for the Industrial Commission's failure to send the notification required by statute.

### Conclusion

{¶ 31} PERS did not act in an unreasonable, arbitrary, or unconscionable manner by denying Shisler's request for survivorship benefits, because the decedent's election to change from a single-life annuity plan to a joint-survivorship annuity plan was invalidated by his death before the election ever became effective. Therefore, we affirm the judgment of the court of appeals denying the writ.

Judgment affirmed.

MOYER, C.J., and O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

PFEIFER and LUNDBERG STRATTON, JJ., dissent.

_____

**PFEIFER, J., dissenting.**

{¶ 32} PERS abused its discretion by denying the surviving spouse's request for the joint-survivorship annuity. I believe that the surviving spouse, Donna Shisler, is entitled to the requested extraordinary relief, and, therefore, I dissent from the majority opinion.

{¶ 33} As the majority concedes, the pertinent statutory provision, R.C. 145.46, "does not specify that an election to change a pension-payment plan is invalidated if the retiree dies before the election is received by the PERS board." Majority opinion at ¶ 20. Accordingly, nothing in the statute necessitates the invalidation of Robert McLaughlin's election to change his payment plan simply because he died before the PERS board received his plan change, and this court should not add language that does not exist in R.C. 145.46. See *State ex rel. Columbia Reserve Ltd. v. Lorain Cty. Bd. of Elections*, 111 Ohio St.3d 167, 2006-Ohio-5019, 855 N.E.2d 815, ¶ 32.

{¶ 34} Moreover, by applying the in pari materia rule of statutory construction, the majority implicitly recognizes that R.C. 145.45 is ambiguous. See *State v. Coburn*, 121 Ohio St.3d 310, 2009-Ohio-834, 903 N.E.2d 1204, ¶ 13 (unnecessary to read a statute in pari materia when the statute is not ambiguous). Because of R.C. 145.46's ambiguity, we must read it "liberally in favor of the interests of the public employees and their dependents that the pension statutes were designed to protect." *State ex rel. Solomon v. Police & Firemen's Disability & Pension Fund Bd. of Trustees* (1995), 72 Ohio St.3d 62, 65, 647 N.E.2d 486; *State ex rel. Moss v. Ohio State Hwy. Patrol Retirement Sys.*, 97 Ohio St.3d 198, 2002-Ohio-5806, 777 N.E.2d 259, ¶ 21. And we must also avoid an illogical or absurd result in interpreting this ambiguous provision. *In re T.R.*, 120 Ohio St.3d 136, 2008-Ohio-5219, 896 N.E.2d 1003, ¶ 16.

{¶ 35} Applying these long-standing rules of statutory construction, the court should conclude that McLaughlin intended that Shisler receive the joint-

survivorship annuity upon his death and that he took all the steps required by R.C. 145.46 to effectuate his intention. Cf. *Polen v. Baker* (2001), 92 Ohio St.3d 563, 565, 752 N.E.2d 258, quoting *Oliver v. Bank One, Dayton, N.A.* (1991), 60 Ohio St.3d 32, 34, 573 N.E.2d 55 (" '[i]n the construction of a will, the sole purpose of the court should be to ascertain and carry out the intention of the testator' "). And McLaughlin's intentions were not ephemeral. He sent in a completed form that selected all the payment plans, an oversight that perhaps could have been and should have been corrected with a simple phone call. Instead he was asked to send in another completed form, which he did. There is nothing else McLaughlin could have done to effectuate his intentions, except not die.

**{¶ 36}** I conclude that PERS abused its discretion in adopting an interpretation of R.C. 145.46 that is not supported by its plain language and that the majority's holding is contrary to our duties to liberally construe pension provisions in favor of members and their beneficiaries and to avoid illogical results. Shisler is entitled to the requested writ of mandamus. I dissent.

LUNDBERG STRATTON, J., concurs in the foregoing opinion.

_____

Law Offices of Tony C. Merry, L.L.C., and Tony C. Merry, for appellant.

Richard Cordray, Attorney General, and Laura Erebia Parsons, Assistant Attorney General, for appellee.

_____