[Cite as *State v. Cole*, 2019-Ohio-3089.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 106930 |
| v. | : | |
| GEORGE COLE, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** August 1, 2019

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-14-588878-B, CR-14-589681-A, and CR-14-590944-B

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecutor, and Katherine Mullin, Assistant County Prosecutor, *for appellee.*

Allison S. Breneman, *for appellant.*

FRANK D. CELEBREZZE, JR., P.J.:

{¶ 1} Defendant-appellant, George Cole ("appellant"), brings the instant appeal challenging the trial court's judgment denying his petition for postconviction relief. Specifically, appellant argues that the trial court erred in finding that appellant failed to attach supporting affidavits to his petition, the trial court erred in

finding that appellant failed to present sufficient evidence demonstrating substantive grounds for relief, and that the trial court erred and abused its discretion in denying appellant's petition without holding a hearing. After a thorough review of the record and law, this court reverses and remands for further proceedings consistent with this opinion.

## I. Factual and Procedural History

{¶ 2} The instant appeal pertains to a string of six burglaries that occurred between July 2014 and August 2014 in Cleveland, Fairview Park, and Rocky River, Ohio. Appellant was charged in three separate criminal cases for his involvement in the burglaries: Cuyahoga C.P. Nos. CR-14-590944-B, CR-14-588878-B, and CR-14-589681-A.

{¶ 3} Appellant's girlfriend, Danielle Panagopoulos ("Danielle"), and his brother, John Cole ("John"), were also charged in the three criminal cases as codefendants. Danielle and John entered guilty pleas.

{¶ 4} Unlike his codefendants, appellant defended against the charges. A jury trial on all three criminal cases commenced on June 8, 2015. Danielle testified on behalf of the state.

{¶ 5} At the close of trial, the jury found appellant guilty on all counts. On June 15, 2015, the trial court imposed an aggregate prison sentence of 48 years.

{¶ 6} On June 25, 2015, appellant filed a direct appeal challenging his convictions and the trial court's sentence. *State v. Cole*, 8th Dist. Cuyahoga Nos.

103187, 103188, 103189, and 103190, 2016-Ohio-2936.[1] On May 12, 2016, this court modified appellant's burglary convictions on Counts 26 and 29 in CR-14-590944-B from second-degree felonies to third-degree felonies and remanded the case for resentencing on these modified convictions. This court otherwise affirmed appellant's convictions and the trial court's sentence. Finally, this court ordered the trial court to issue a nunc pro tunc sentencing entry incorporating its consecutive-sentence findings.

{¶ 7} While his appeal was pending, appellant filed a petition for postconviction relief on April 7, 2016. In his petition for postconviction relief, captioned "petition to vacate or set aside judgment of conviction or sentence," appellant asserted that he was entitled to relief under R.C. 2953.21 based on (1) prosecutorial misconduct and (2) ineffective assistance of counsel.

{¶ 8} The trial court summarily denied appellant's petition on April 15, 2016, without holding a hearing. Subsequently, on February 20, 2018, the trial court issued findings of fact and conclusions of law pertaining to appellant's petition for postconviction relief.[2]

---

[1] *See* appellant's direct appeal for a full recitation of the factual history and the evidence adduced at trial.

[2] The trial court issued findings of fact and conclusions of law after appellant sought a writ of mandamus based, in part, on the trial court's failure to issue findings of fact and conclusions of law in denying the petition for postconviction relief. *State ex rel. Cole v. Shirley Strickland Saffold, Judge*, 8th Dist. Cuyahoga No. 106443, 2018-Ohio-1625.

{¶ 9} On March 13, 2018, appellant, acting pro se, filed the instant appeal challenging the trial court's February 20, 2018 judgment. Appellant assigns three errors for review:

> I. The [a]ppellant was denied due process protection pursuant to the Fourteenth Amendment to the U.S. Constitution right to a fair hearing where the trial court abused its discretion and intentionally lied/falsified records when it ruled that [a]ppellant did not submit/attach the sworn affidavits of [Danielle] and [John] to the postconviction petition.
>
> II. The trial court committed prejudicial error in its judgment, when the trial court ruled that [a]ppellant's petition failed to contain sufficient evidence to support his request for an evidentiary hearing.
>
> III. The trial court erred by denying [a]ppellant's motion for post-conviction relief without an evidentiary hearing.

## II.  Law and Analysis

{¶ 10} Appellant's three assignments of error pertain to the trial court's judgment denying his petition for postconviction relief.

### A. Standard of Review

{¶ 11} This court reviews a trial court's ruling on a petition for postconviction relief for an abuse of discretion. *State v. White*, 8th Dist. Cuyahoga No. 90544, 2008-Ohio-4228, ¶ 19, citing *State v. Calhoun*, 86 Ohio St.3d 279, 281, 714 N.E.2d 905 (1999). A trial court abuses its discretion when its decision is unreasonable, arbitrary, or unconscionable. *State ex rel. Shisler v. Ohio Pub. Emps. Retirement Sys.*, 122 Ohio St.3d 148, 2009-Ohio-2522, 909 N.E.2d 610, ¶ 11.

> Under R.C. 2953.21, a prisoner may obtain postconviction relief "only if the court can find that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable under the Ohio Constitution or the United States Constitution." *State v.*

> *Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph four of the syllabus. A postconviction petition does not provide a petitioner a second opportunity to litigate his or her conviction. *State v. Steffen*, 70 Ohio St.3d 399, 410, 639 N.E.2d 67 (1994); *State v. Smith*, 8th Dist. Cuyahoga No. 93534, 2010-Ohio-1869, ¶ 11. Rather, it is a means to reach constitutional issues that would otherwise be impossible to reach because the evidence supporting those issues is not contained in the record. *Id.* at ¶ 12.

*State v. Obermiller*, 8th Dist. Cuyahoga No. 101456, 2019-Ohio-1234, ¶ 7-8.

### B. Supporting Affidavits

{¶ 12} In his first assignment of error, appellant argues that the trial court erred in finding that appellant failed to attach supporting affidavits to his petition. Specifically, appellant asserts that the trial court "abused [its] discretion and intentionally lied/falsified records when it ruled that [a]ppellant did not submit/attach the sworn [affidavits] of [Danielle] and [John] to the postconviction petition[.]" Appellant's brief at 3.

{¶ 13} As an initial matter, we categorically and unequivocally reject appellant's argument that the trial court "lied/falsified records" in finding that appellant failed to present supporting evidentiary documents — the affidavits of Danielle, John, and appellant — in support of the petition for postconviction relief. This assertion is entirely unsupported by the record. The petition for postconviction relief that appellant filed on April 7, 2016, did not contain any supporting attachments, exhibits, or affidavits.

{¶ 14} The record reflects, however, that these affidavits were, in fact, attached to the motion for appointment of counsel that appellant filed on the same

day, April 7, 2016. In his motion for appointment of counsel, appellant requested "an order appointing counsel to represent [a]ppellant on the accompanying [p]etition for [p]ostconviction [r]elief." The state acknowledges that appellant did, in fact, attach the affidavits of Danielle and John to his motion for appointment of counsel, filed on the same day as the petition for postconviction relief.[3]

{¶ 15} Danielle's affidavit, executed on August 28, 2015, averred, in relevant part,

> I testified in [George Cole's] trial and what I said was untrue. I was coached into saying false statements by the prosecutors [and] detectives and was promised that if I said what they coached me to say I was promised to get a deal for my part in the case. George Cole never told me anything pertaining this case he never told me any information. What I said in court that was all false statements against George Cole.

{¶ 16} John's affidavit, executed on February 25, 2016, averred, in relevant part, "I was willing to give my testimony in said case * * * George had no knowledge and wasn[']t present for these burglar[ies] I would call or text Danielle's phone * * * to set up times and dates[.] I can go into further details in my testimony. I told [G]eorge's attorney * * * that I would testif[y] to what happened. But I was never called to court."

{¶ 17} Finally, appellant's affidavit, executed on February 25, 2016, averred, in relevant part, "I told my [attorney] that I wanted my brother John Cole as a

---

[3] We note that appellant did not have a right to counsel for purposes of filing his petition for postconviction relief, nor was he entitled to have counsel appointed for any postconviction proceedings, which are civil in nature. *See State v. Carter*, 8th Dist. Cuyahoga No. 106690, 2018-Ohio-4115, ¶ 16; *State ex rel. Jenkins v. Stern*, 33 Ohio St.3d 108, 110, 515 N.E.2d 928 (1987).

witness in my trial.  I don[']t know why counsel failed to call any of my witnesses to my defense.  I provided [counsel] with names and info of my [witnesses] that was willing to testif[y] on my behalf[.]"

{¶ 18} We further note that appellant's petition for postconviction relief and motion for appointment of counsel were filed pro se.  It is well-established that pro se litigants must follow the same procedures as litigants that are represented by counsel.  *See State ex rel. Gessner v. Vore*, 123 Ohio St.3d 96, 2009-Ohio-4150, 914 N.E.2d 376, ¶ 5.  "'It is well established that pro se litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel.'"  (Emphasis deleted.)  *State ex rel. Fuller v. Mengel*, 100 Ohio St.3d 352, 2003-Ohio-6448, 800 N.E.2d 25, ¶ 10, quoting *Sabouri v. Ohio Dept. of Job & Family Servs.*, 145 Ohio App.3d 651, 654, 763 N.E.2d 1238 (10th Dist.2001).

{¶ 19} In the instant matter, the record reflects that appellant attached the supporting affidavits to the wrong filing.  Appellant should have attached the supporting affidavits to his petition for postconviction relief, rather than his motion for appointment of counsel.  As noted above, appellant did not have a right to counsel for purposes of postconviction relief proceedings.  Furthermore, R.C. 2953.21(A)(1)(a), governing petitions for postconviction relief, provides, in relevant part, "[t]he petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief."

{¶ 20} Although appellant's failure to follow the proper procedure would ordinarily not be excused based on the fact that appellant filed his petition and motion for appointment of counsel pro se, after reviewing the record in this case, we find that the trial court erred by denying appellant's petition for postconviction relief without considering the supporting affidavits that appellant submitted with the wrong filing.

{¶ 21} First, appellant's petition for postconviction relief and motion for appointment of counsel were filed on the same day, April 7, 2016. Furthermore, the motion for appointment of counsel to which the supporting affidavits were attached specifically referenced the "accompanying [p]etition for [p]ostconviction [r]elief."

{¶ 22} Second, the record reflects that the trial court denied appellant's petition primarily on the basis that appellant did not support his petition with documentary evidence — particularly the affidavits of Danielle and John or an affidavit of his own — demonstrating that he is entitled to relief. *See* conclusions of law 2, 4, 5, 6, and 7. The record further reflects that this is not a case in which the trial court considered the affidavits and determined that they were unreliable or not credible. *See State v. Lewis*, 4th Dist. Ross No. 10CA3181, 2011-Ohio-5224, ¶ 21 (although the trial court could have found that the supporting affidavit lacked credibility for "any number of reasons," the trial court discounted a supporting affidavit for an incorrect reason, and abused its discretion by not considering the evidence).

{¶ 23} The trial court summarily denied appellant's petition for postconviction relief and motion for appointment of counsel on April 15, 2016. The trial court's judgment entry does not reference the affidavits of Danielle, John, or appellant, which appellant attached to his motion for appointment of counsel. Although the trial court's findings of fact and conclusions of law reference appellant's motion for appointment of counsel, they do not reference the affidavits that had been attached thereto. *See* findings of fact 8, 11.

{¶ 24} Finally, the trial court does not reference the fact that appellant attached the supporting affidavits to the wrong filing. There is no indication in the record before this court that the trial court received, reviewed, or was aware that appellant had, in fact, submitted the supporting affidavits — albeit to the wrong filing.

{¶ 25} For all of the foregoing reasons, we find that the trial court erred in denying appellant's petition for postconviction relief without considering the supporting affidavits that appellant attached to the accompanying motion for appointment of counsel. We emphasize that our decision is not based on the merits of appellant's petition, his claims of prosecutorial misconduct and ineffective assistance of counsel, or the assertions of Danielle, John, and appellant in the supporting affidavits.

{¶ 26} Appellant's first assignment of error is sustained. In light of our resolution of appellant's first assignment of error, appellant's second and third assignments of error are moot.

{¶ 27} The trial court's judgment denying appellant's petition for postconviction relief is reversed, and the matter is remanded to the trial court for further proceedings consistent with this opinion. On remand, the trial court shall determine whether appellant is entitled to postconviction relief based on the arguments raised in his petition and the supporting affidavits of Danielle, John, and appellant.

{¶ 28} Judgment is reversed and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
RAYMOND C. HEADEN, J., CONCUR