Williams, J.
 

 Appellant contends that the words “accounts payable” used in Section 5327, General Code, should be given the meaning in which they are used in advanced accounting practice and so should be construed as synonymous with the accounting term “current liabilities”; that the advanced payments on the agreed purchase of a machine to be constructed or in process of construction are sums held for the purchasers and, being payable to them, are accounts payable within the meaning of the statute; and that not treating the payments as accounts payable would lead to double taxation, a result which could not have been within the contemplation of the Legislature.
 

 Section 5327, General Code, reads thus:
 

 “The term ‘credits’ as so used, means the excess of the sum of all current accounts receivable and prepaid items used in business when added together estimating every such account and item at its true value in money, over and above the sum of current accounts payable of the business, other than taxes and assessments. ‘Current accounts’ includes items receivable or payable on demand or within one year from the date of inception, however evidenced. ‘Prepaid items’ does not include tangible property. In making up the sum of such current accounts payable there shall not be taken into account an acknowledgment of indebtedness, unless founded on some consideration actually received, and believed at the time of making such acknowledgment to be a full consideration therefor; nor
 
 *103
 
 an acknowledgment for the purpose of diminishing the amount of credits to be listed for taxation.”
 

 Under the Uniform Sales Act the machines in process of construction constitute “future goods” (Section 8456, General Code) and title thereto remains in the seller until completion. Section 8399, rule 4 (1), General Code;
 
 McKee
 
 v.
 
 Ward,
 
 289 Pa., 414, 137 A., 599. Here a differentiation should be made. Conditional sales in which title is reserved in the seller are exceedingly common. In such cases, however, the sale ordinarily involves a finished product; in the instant case appellant’s contention applies to future goods only. The inquiry is therefore narrow and pointed.
 

 The fallacy which underlies the theory that the payments received and credited constitute accounts payable, is apparent from this language in appellant’s brief: “So long as appellant retains in its possession funds which have been advanced to it by customers, and so long as it has not appropriated the completed machine to the discharge of the contract, appellant is in the position of having in its hands money belonging to another party, namely, its customer, and therefore is in the position of owing to that customer the sum of money advanced.”
 

 If that assertion is sound, the amounts paid would be held by the seller in trust for the buyer and the seller could not use them in his business. Surely a trust relation does not arise, for the amounts were not received by the seller as deposits; nor does even the relation of debtor and creditor. If there is any liability on the part of the seller to the buyer, it is assuredly contingent. Yet we must, ever hark back to the reality that there is no liability until the contingency arises. That contingency is the breach of the sale contract by the seller and the resulting liability is founded not on an account but on the breach. "What boots it that the measure of recovery may be based in whole or in part upon the total amount paid on the
 
 *104
 
 contract price? Obviously there is no subsisting liability until the breach occurs, for normally the seller’s contractual obligation is to be discharged by the delivery of the finished product and not by cash. Even though the payment be set up on the books of the seller as an account, there would be nothing payable on it, as such, at any time.
 

 After all the test is not what is good accounting practice but what is the meaning and intent of the taxational provision. We must look then to the statute. In the above-quoted Section 5327, General Code, are these words: “ ‘Current accounts’ includes items receivable or payable on demand or within one year from the date of inception, however evidenced.” The import of the language is clear and is entitled to full weight in determining the question presented. Yet we realize that we should not pick out one sentence and disassociate it from the context. We should look rather to the four comers of the enactment and thus determine the intent of the enacting body.
 

 Appellant urges that if the advance payments are not classified as accounts payable, double taxation will result and that such doubleness could not have been within the legislative intent. In pursuing the argument, it is said by appellant that the seller’s inventory increases as the work progresses and that upon both the increased inventory and the cash received in payment, a personal-property tax is paid. It is asserted that in order to avoid this doubleness of taxation, which the Legislature could not have intended, the deduction should be allowed. Presumably one reason for requiring payment pending construction would be to defray the cost thereof. If the amount of cash payments were used to defray the cost of material and labor employed in producing the purchased article, the cash would be dissipated in the process. Only the un
 
 *105
 
 completed product would "be left and to that alone would the personal-property tax attach. A seller may contract for payments to be made only as they are needed for defraying cost of construction as it progresses, apply the payments to such cost and avoid chance of doubleness, if any, in taxation. If he elects to follow a different course, it is his own lookout. Since what appellant claims to be doubleness may be avoided by the seller, the imposition of a personal-property tax on both cash and inventory affords no substantial aid in determining the intent of the Legislature.
 

 What, then, is the correct interpretation? What is the plain meaning of the statute when viewed in the light of the object to be accomplished? When the machine is partially completed and partially paid for there is still payable to the seller the balance at the specified time or times. Such balance must be listed by the buyer as accounts payable if due on demand or within one year. Then, are the payments previously made also accounts receivable which the buyer must list? Certain it is that if the advance payments be accounts payable, as claimed by the appellant, they are payable to the buyer and must be listed in the buyer’s return as accounts receivable. The result would be that the buyer would be listing the part of the price paid as owing to and receivable by him. An interpretation which leads to that result Would be an anomaly. When the language of the statute is considered in its fullness and at the same time in its plain meaning, it admits of but one interpretation. The advance payments cannot be listed as accounts payable and deducted from the sum of accounts receivable and prepaid items in determining credits.
 

 
 *106
 
 For the reasons given the decisions of the Board of Tax Appeals are affirmed.
 

 Decisions affirmed.
 

 Weygandt, C. J., Turner, Hart, Zimmerman and Bettman, JJ., concur.
 

 Matthias, J., dissents.