DREGER, APPELLEE, *v.* PUBLIC EMPLOYEES RETIREMENT SYSTEM, APPELLANT.

[Cite as Dreger *v.* Pub. Emp. Retirement System (1987), 34 Ohio St. 3d 17.]

(No. 86-1919—Decided December 9, 1987.)

*Ben E. Espy, Hyman, Hyman & Noll Co., L.P.A.,* and *Carl F. Noll,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Nancy J. Miller,* for appellant.

LOCHER, J. The initial question presented by this action is whether Dreger's claim is barred by R.C. 2305.07. If not, then the question becomes whether the provisions of R.C. 145.02, as then effective, required Dreger's membership in PERS to be terminated when he began contributing to PFDPF. The final question is whether Dreger may purchase service credit from PERS or receive it from PFDPF for his years as a volunteer fireman. For the reasons that follow, we hold that Dreger's claim is not barred by R.C. 2305.07, that his membership in PERS was improperly terminated, and that any right he may have to purchase or receive service credit for his work as a volunteer fire-

man should be determined under PERS guidelines. Accordingly, we affirm the judgment of the court of appeals.

## I

Appellant first argues that when a person's membership in PERS is terminated and that person receives an application from PERS for the refund of his or her accumulated contributions, R.C. 2305.07 requires that person to commence an action to restore his or her membership within six years of the date of termination. We disagree.

In pertinent part, R.C. 2305.07 provides:

"* * *[A]n action upon a contract not in writing, express or implied, or upon a liability created by statute other than a forfeiture or penalty, shall be brought within six years after the cause thereof accrued."

We have previously held that the statute of limitations in R.C. 2305.07 does not commence to run in an action for retirement benefits until the person bringing the action actually decides to retire. *State, ex rel. Local Union No. 377,* v. *Youngstown* (1977), 50 Ohio St. 2d 200, 4 O.O. 3d 387, 364 N.E. 2d 18. Under this holding, Dreger's cause of action accrued when PERS denied his application for a retirement allowance on March 9, 1982. Since Dreger's claim against PERS was filed within six years of this date, it is not barred by R.C. 2305.07.

## II

Appellant next contends that R.C. 145.02 precludes any person who is contributing to PFDPF from either establishing or continuing membership in PERS. Again, we cannot agree.

When PERS terminated Dreger's membership in PERS in 1967, R.C. 145.02 read in pertinent part as follows:

"* * *[A]ny employee who is contributing to or is receiving retirement or disability benefits from a police relief and pension fund, *a fireman's relief and pension fund,* a state highway patrol, or a municipal retirement system * * *, or who has been granted a disability retirement allowance by the state teachers retirement system, *shall be excluded from membership in the public employees retirement system and shall be ineligible to make contributions or accrue benefits in the public employees retirement system.* * * *"[1] (Emphasis added.)

Appellant maintains that the exclusion in the statute applies to any person who is contributing to PFDPF. Appellee, however, contends that the exclusion only applies to a person who is contributing to PFDPF and who is not already a member of PERS. The court of appeals adopted the appellee's view, relying on its decisions in *Roth* v. *Pub. Emp. Retirement Bd.* (1975), 44 Ohio App. 2d 155, 71 O.O. 2d 240, 336 N.E. 2d 448; *State, ex rel. Hughes,* v. *Pub. Emp. Retirement System* (Apr. 10, 1986), Franklin App. No. 84AP-

[1] Except where otherwise indicated, all references to R.C. 145.02 as they appear herein are to the statute as enacted effective November 5, 1965 (131 Ohio Laws 138). The statute was amended, effective November 21, 1969 (133 Ohio Laws, Part I, 1124-1125), to read in relevant part:

"* * *[A]ny public employee * * * who is contributing to the police and firemen's disability and pension fund * * * shall be excluded from membership in the public employees retirement system and shall be ineligible to make contributions or accrue benefits in the public employees retirement system.* * *"

This portion of the statute remains unaltered today. The latest version of the statute was enacted effective April 24, 1986 (Am. H.B. No. 502).

1006, unreported; and *State, ex rel. Paytash,* v. *Pub. Emp..Retirement Bd.* (Apr. 20, 1982), Franklin App. No. 81AP-808, unreported.

In construing a statute, it is this court's primary duty to determine the intent of the legislature. See, *e.g., Black-Clawson Co.* v. *Evatt* (1941), 139 Ohio St. 100, 22 O.O. 63, 38 N.E. 2d 403; *State, ex rel. Myers,* v. *Bd. of Edn.* (1917), 95 Ohio St. 367, 116 N.E. 516. R.C. 145.02 was enacted by the General Assembly in order to prevent dual contributions. The exclusionary language is designed to prevent different kinds of public employees from having to mandatorily contribute to more than one retirement system. It is also designed to avoid confusion on the part of employees and employers as to which retirement fund they should make contributions. Thus, in the present situation, the exclusion prevents employees like Dreger from having to contribute to both PERS and PFDPF at the same time.

Keeping this legislative intent in mind, it would be unreasonable to construe the statute to require that PERS terminate the memberships of public employees who choose to become policemen or firemen. By contributing first to PERS and then to PFDPF, such employees have earned service credit under both funds and are thus entitled to retirement benefits from both funds as well. Appellant's arguments have not persuaded us that these employees should be limited to retirement benefits based solely on their contributions to PFDPF. Indeed,

R.C. 1.47(C) requires us to presume the General Assembly intended a just and reasonable result in enacting R.C. 145.02, and appellant's views would be inconsistent with this mandate.

Accordingly, we hold that R.C. 145.02 does not require the termination of the pre-existing membership in PERS of a person who begins contributing to PFDPF.[2] In other words, the statute is only intended to exclude the initial membership in PERS of a person who is contributing to PFDPF. In the case *sub judice,* PERS improperly terminated Dreger's pre-existing membership. The courts below properly held that PERS must reinstate his membership and provide him with the retirement allowance to which he is entitled.

### III

The final issue concerns which retirement fund Dreger may purchase or receive service credit from for his work as a volunteer fireman. Dreger claims that when PFDPF notified him that he could obtain service credit for his. volunteer firefighting, he had a vested interest in that credit, and the board of trustees of PFDPF could not later divest him of that credit when it passed the resolution granting service credit only for regular, full-time service.

. We find no merit in Dreger's contention. There is no provision in R.C. Chapter 742 which authorizes PFDPF to grant service credit for anything other than full-time service. As a creature of statute, PFDPF has no author-

---

[2] Accordingly, we need not reach the issue of the statute's constitutionality. See, *e.g., State, ex rel. Clarke,* v. *Cook* (1921), 103 Ohio St. 465, 134 N.E. 655, paragraph one of the syllabus. We note, however, that a statute is presumed to be constitutional, and that any ambiguity must be resolved in favor of the statute's constitutionality. See

R.C. 1.47(A); *State* v. *Dorso* (1983), 4 Ohio St. 3d 60, 61, 4 OBR 150, 151, 446 N.E. 2d 449, 450; *State, ex rel. Dickman,* v. *Defenbacher* (1955), 164 Ohio St. 142, 57 O.O. 134, 128 N.E. 2d 59, paragraph one of the syllabus; and *Eastman* v. *State* (1936), 131 Ohio St. 1, 5 O.O. 248, 1 N.E. 2d 140, paragraph four of the syllabus.

ity beyond that which is expressly or impliedly conferred by statute. See, *e.g., State, ex rel. Funtash,* v. *Indus. Comm.* (1951), 154 Ohio St. 497, 43 O.O. 431, 96 N.E. 2d 593; *State, ex rel. Clarke,* v. *Cook* (1921), 103 Ohio St. 465, 134 N.E. 655, paragraph two of the syllabus; and *New Bremen* v. *Pub. Util. Comm.* (1921), 103 Ohio St. 23, 132 N.E. 162.

R.C. 742.01(B) defines a member of a fire department who may contribute to and receive benefits from PFDPF as a "full-time regular fireman." Nowhere in this definition is there any provision for part-time, volunteer firemen. Consequently, the PFDPF had no authority to grant any service credit to Dreger for his work as a volunteer fireman.

Conversely, Ohio Adm. Code 145-5-07 provides that volunteer firemen may receive service credit from PERS. The court of appeals properly held that any right Dreger has for service credit for his work as a volunteer fireman must be established under the guidelines of PERS rather than PFDPF.

For the foregoing reasons, the judgment of the court of appeals is hereby affirmed.

*Judgment affirmed.*

SWEENEY, DOUGLAS and H. BROWN, JJ., concur.

MOYER, C.J., HOLMES and WRIGHT, JJ., dissent.

WRIGHT J., dissenting. I must respectfully dissent from today's majority opinion because I believe it misconstrues the language and intent of R.C. 145.02.

As the majority opinion indicates, R.C. 145.02 provides, in pertinent part, that any employee who is contributing to or receiving benefits from a firemen's relief and pension fund "*shall* be excluded from membership in the public employees retirement system and *shall* be ineligible to make contributions or accrue benefits in the public employees retirement system.* * *"" (Emphasis added.)

The majority concludes that the language found in this statute does not require the termination of a pre-existing membership in PERS of a person who contributes to PFDPF. Such a holding is untenable in the face of the clear intent and mandatory terms of the statute.

The majority is absolutely correct when it states that "[i]n construing a statute, it is this court's primary duty to determine the intent of the legislature." *Black-Clawson Co.* v. *Evatt* (1941), 139 Ohio St. 100, 22 O.O. 63, 38 N.E. 2d 403; *State, ex rel. Myers,* v. *Bd. of Edn.* (1917), 95 Ohio St. 367, 116 N.E. 516. But another rule of construction that is not mentioned by the majority is that a court, in interpreting a statute, should give effect to all of its terms and provisions. *State, ex rel. Krauss,* v. *Lucas Cty. Liquor Licensing Bd.* (1916), 93 Ohio St. 373, 113 N.E. 265.

Presumably, the General Assembly has for good and sufficient reason mandated that a public employee in the position of the appellee "*shall* be excluded from membership" (emphasis added) in PERS. This court, in *Dorrian* v. *Scioto Conservancy Dist.* (1971), 27 Ohio St. 2d 102, 56 O.O. 2d 58, 271 N.E. 2d 834, paragraph one of the syllabus, held that "[i]n statutory construction, the word 'may' shall be construed as permissive and the word 'shall' shall be construed as mandatory unless there appears a clear and unequivocal legislative intent that they receive a construction other than their ordinary usage." There being no clear or unequivocal legislative intent that

gives "shall" any extraordinary meaning, this provision of the statute must be construed as mandatory.

I suggest that if the General Assembly had intended a permissive construction, it would have used the word "may," or at the very least, placed limiting language in the státute, such as phraseology to the effect that the statute has no application to PFDPF members who were initially members of PERS. This, of course, is precisely the interpretation the majority is placing on the statute. But, in truth, the statute simply reads "excluded from membership," without qualification.

A literal and reasonable reading of R.C. 145.02 indicates that the statute precludes a member of PFDPF from either establishing *or* continuing a membership in PERS. While such a holding may seem harsh, we should not be preoccupied with the wisdom of the social policy behind such legislation nor should we rewrite a statute to ameliorate a fact situation that may offend one's sense of equity.

For the foregoing reasons, I dissent.

MOYER, C.J., and HOLMES, J., concur in the foregoing dissenting opinion.