THE STATE, EX REL. HUGHES, APPELLEE, *v.* PUBLIC EMPLOYEES RETIREMENT SYSTEM, APPELLANT.

[Cite as State, ex rel. Hughes, *v.* Pub. Emp. Retirement System (1988), 36 Ohio St. 3d 11.]

(No. 86-927—Decided March 23, 1988.)

*Jonathan J. Downes,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Nancy J. Miller,* for appellant.

*Per Curiam.* In its first proposition of law, appellant argues that R.C. 145.02 precludes a member of PFDPF from either establishing or continuing a membership in PERS.

This issue has been resolved in this court's recent judgment in *Dreger* v. *Pub. Emp. Retirement System* (1987), 34 Ohio St. 3d 17, 516 N.E. 2d 214. Therein, this court held in the syllabus that "R.C. 145.02 does not require the termination of the pre-existing membership in the Public Employees Retirement System of a person who

begins contributing to the Police and Firemen's Disability and Pension Fund." Accordingly, this proposition is not well-taken.

In its next proposition of law, appellant challenges the appellate court's determination that appellee is entitled to purchase credit for past service as a volunteer fire fighter. Appellant contends that the option to purchase past service credit was a mere expectancy interest and not a vested right; hence, the terms of the option were subject to subsequent amendment.

This court faced a similar factual situation in *State, ex rel. Frye,* v. *Bachrach* (1964), 175 Ohio St. 419, 25 O.O. 2d 438, 198 N.E. 2d 803. In *Frye,* the relator was a member of Cincinnati's Firemen's Relief and Pension Fund when he began active duty with the armed forces. While he was on active duty, the General Assembly passed a bill which permitted fire fighters to receive credit for their time served in the armed forces so long as they were honorably discharged by a specified time and applied for reinstatement in the fire department within ninety days of their discharge. The relator in *Frye* sought to have a portion of his time in the military service credited as time served as a city fire fighter despite his failure to satisfy all the requirements set forth in the statute. The *Frye* court rejected relator's request, concluding that a fire fighter's right to have any of his military time credited toward his fire fighter's pension arose by statute, and that rights created by statute vest only when all the conditions therein have been met.

We find that the principles espoused in *Frye* are equally applicable to the matter at hand. Like the relator in *Frye,* the appellee in this case has failed to satisfy all the conditions necessary to vest his right to purchase the past service credit. Pursuant to the terms of Ohio Adm. Code 145-5-07, as in effect in January 1976, appellee's right to have his past service as a volunteer fire fighter credited to his PERS account was contingent upon his exercising this option. Clearly, appellee failed to exercise this option prior to the imposition of additional requirements on January 1, 1979. The fact that appellee had not taken all the necessary steps to secure his right to have his past service as a volunteer fire fighter credited to his PERS account places him on the same footing as the relator in *Frye.*

For the reasons set forth in this opinion, we affirm that part of the appellate court's decision granting a writ of mandamus compelling PERS to recognize appellee's continued eligibility for participation in PERS for contributions made before he became a member of PFDPF. However, we reverse that part of the appellate court's decision compelling PERS to allow appellee to purchase his past service credit. We find appellee's right to purchase his past service credit was a mere expectancy interest and not subject to the constitutional protections afforded to vested rights.

*Judgment affirmed in part and reversed in part.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS and H. BROWN, JJ., concur.

WRIGHT, J., dissents.

WRIGHT, J., dissenting. I would reverse the court of appeals' decision in its entirety. As I stated in *Dreger* v. *Pub. Emp. Retirement System* (1987), 34 Ohio St. 3d 17, 21-22, 516 N.E. 2d 214, 217-218 (Wright, J., dissenting), a literal and reasonable reading of R.C.

145.02 indicates that the statute precludes a member of the Police and Firemen's Disability and Pension Fund from either establishing *or* continuing a membership in the Public Employees Retirement System. Thus, I must respectfully dissent from the majority opinion.