THE STATE, EX REL. HADINGER ET AL., APPELLEES, *v.* CITY OF AKRON, APPELLANT.

(No. 13389 — Decided May 18, 1988.)

*Harry A. Tipping,* for appellees.
*Max Rothal,* director of law, for appellant.

MAHONEY, P.J. The city of Akron ("city") appeals from an order of the trial court granting summary judgment to Steven Hadinger, William Riley, Paul Perroni and Mary Sancic, as executrix of the estate of Frank Sancic. We reverse the judgment of the trial court.

Six individuals initiated this action seeking a writ of mandamus ordering the city to make contributions to the Public Employees Retirement System ("PERS") on their behalf. The appeal *sub judice* pertains only to the trial court's order granting such relief to Hadinger, Riley, Perroni, and the estate of Sancic.

These individuals were all employed by the city as land negotiators at various periods of time from 1963 to 1980. The city did not make payroll deductions or employer contributions to PERS on their behalf during their terms of employment. They initiated the action *sub judice* on November 18, 1987, contending that such contributions should have been made by the city pursuant to R.C. Chapter 145.

The original complaint in this matter was subsequently amended on two occasions and all parties eventually filed motions for summary judgment. In an entry dated September 28, 1987, the trial court, *inter alia,* granted summary judgment to Hadinger, Riley, Perroni, and the estate of Sancic. This appeal followed. On appeal, the city contends:

Assignment of Error

"The court below erred in failing to apply the statute of limitations found in O.R.C. Section 2305.07 to bar the appellees' claims for PERS contributions."

In its motion for summary judgment, the city alleged that the claims now in controversy were barred by the six-year limitation period contained in R.C. 2305.07.[1]

---

[1] In its order granting summary judgment, the trial court determined that the petitioners were entitled to PERS benefits based upon this court's prior decision in *State, ex rel. David,* v. *Akron* (Nov. 6, 1985), Summit App. No. 12134, unreported. However, in that case the petitioner brought the action within the limitation period now in controversy.

The Ohio Supreme Court has recognized that the statute of limitations contained in R.C. 2305.07 applies in actions for PERS benefits under R.C. Chapter 145. *Dreger* v. *Pub. Emp. Retirement System* (1987), 34 Ohio St. 3d 17, 19, 516 N.E. 2d 214, 216, citing *State, ex rel. Local Union No. 377*, v. *Youngstown* (1977), 50 Ohio St. 2d 200, 4 O.O. 3d 387, 364 N.E. 2d 18. In such an action, the limitation period commences to run when "the person bringing the action actually decides to retire." *Dreger, op. cit.*

PERS records submitted in support of the city's motion for summary judgment indicate that Hadinger began receiving benefits in 1977, Riley in 1976, and Perroni in 1979. However, the action *sub judice* was not filed until November 18, 1987. Consequently, the six-year limitation period contained in R.C. 2305.07 bars the claims of these three individuals.

The analysis of Frank Sancic's claim is somewhat different and there appear to be no Ohio Supreme Court cases directly on point. Frank died in Florida on February 19, 1979. The city of Akron's response to a request for admissions made below appears to indicate that Frank was employed by the city until his death.

Mary Sancic joined in the action *sub judice* as executrix of Frank's estate. Consequently, we make no disposition of what rights Mary may have personally under R.C. Chapter 145 or how the limitation period contained in R.C. 2305.07 affects those rights. The precise question presented here is whether the estate's claim for retirement benefits was timely filed.

In order for a statute of limitations to begin to run, it is generally held that there must exist someone who can bring suit and someone who can be sued. Although the death of a claimant does not toll a statute of limitations that has begun to run prior to the claimant's death, the Ohio Supreme Court has held that "* * * where an action accrues to the estate of a deceased person, the statute does not begin to run until the qualification of a personal representative. * * *" (Citations omitted.) *Treasurer* v. *Martin* (1893), 50 Ohio St. 197, 204, 33 N.E. 1112, 1114. See, also, *Tobias* v. *Richardson* (1904), 5 Ohio C.C. (N.S.) 74, 16 Ohio C.D. 81, affirmed (1905), 72 Ohio St. 626, 76 N.E. 1133.

In the case *sub judice,* there is no indication that Frank Sancic actually retired during his lifetime. Consequently, the statute of limitations for his claim for PERS benefits had not begun to run prior to this death. *Dreger, supra,* at 19, 516 N.E. 2d at 216. Although the parties appear to agree that Mary Sancic is the executrix of Frank's estate, the record is not clear as to the precise date that Mary was appointed as such.

We find that the statute of limitations contained in R.C. 2305.07 did not begin to run as to the estate of Frank Sancic until Mary Sancic was appointed executrix of the estate. Since material questions of fact exist as to the date of Mary's appointment, the trial court's order granting summary judgment to the estate was improper. Civ. R. 56(C); *Temple* v. *Wean United, Inc.* (1977), 50 Ohio St. 2d 317, 327, 4 O.O. 3d 466, 472, 364 N.E. 2d 267, 274.

### Summary

The city of Akron's assignment of error is well-taken as to Hadinger, Riley, and Perroni. The judgment of the trial court as to these individuals is hereby reversed and judgment shall be entered for the city.

As to the estate of Frank Sancic, the judgment of the trial court is hereby vacated and this cause is remanded to the trial court for further

proceedings consistent with this opinion.

*Judgment accordingly.*

QUILLIN and CACIOPPO, JJ., concur.