[Cite as *State ex rel. Terra State Community College v. Ohio School Bd. Emps. Retirement Sys.*, 2021-Ohio-3652.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Terra State Community College, | : | |
| Relator, | : | |
| v. | : | No. 20AP-288 |
| School Employees Retirement System of Ohio Board, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

D E C I S I O N

Rendered on October 12, 2021

**On brief:** *Dave Yost*, Attorney General, and *Rory P. Callahan,* for relator.

**On brief:** *Dave Yost,* Attorney General, *Samuel A. Peppers, III,* and *Mary Therese J. Bridge,* for respondent.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

BEATTY BLUNT, J.

{¶ 1} Relator, Terra State Community College, seeks a writ of mandamus ordering respondent, School Employees Retirement System of Ohio Board ("SERS"), to vacate a determination by the board awarding SERS service credit to an individual and ordering Terra State to assume the cost of unpaid contributions for the pertinent period.

{¶ 2} Terra State asserts that SERS abused its discretion by retroactively applying language in an Ohio Administrative Code section adopted in 2009 when it determined that the employment of Donna Eickholt ("Eickholt"), employed with an independent contractor which provided dining services at Terra State from 1991 to 2003, should be granted non-contributing service for that period for which Terra State would owe a contribution

No. 20AP-288

obligation in excess of $300,000, comprising both the employer and employee contributions for the relevant time frame.

{¶ 3} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law, which is appended hereto. The magistrate found that SERS properly applied R.C. 3309.01(B)(2) to the evidence in this case when it determined that Eickholt was a public employee for purposes of membership in the SERS retirement plan for the relevant time frame; that she was entitled to service credit for those years; and thus, that Terra State was obligated to remit both the employer's and the employee's shares of contributions into SERS for those years. Accordingly, the magistrate recommends this court deny Terra State's request for a writ of mandamus.

{¶ 4} Terra State has filed the following two objections to the magistrate's decision:

> [I.] The Magistrate's Decision erroneously concluded that the Respondent had not retroactively applied its 2009 regulations, O.A.C. § 3309-1-11, to define SERS membership, when the Respondent's own communications and staff determinations had cited that 2009 standard in imposing an obligation of over $300,000.00 in employee and employer obligations for the period from 1991 to 2003.

> [II.] The Magistrate's decision did not cite to any evidence that the internal policy statement from 1985 and the Appendix from [] 1988 were ever communicated or otherwise shared with the College at any time from 1991 to 2003.

{¶ 5} Because Terra State has filed objections, we must independently review the record and the magistrate's decision to ascertain whether "the magistrate has properly determined the factual issues and appropriately applied the law." Civ.R. 53(D)(4)(d). Terra State has not objected to the magistrate's findings of fact. Having reviewed the record and the magistrate's decision pertaining to same and finding no error on the part of the magistrate in his determinations of the facts, we hereby adopt the magistrate's findings of fact in their entirety as our own.

{¶ 6} Turning to the magistrate's conclusions of law and Terra State's objections to them, we begin by observing that in order for this court to issue a writ of mandamus, a relator must meet three requirements: (1) relator has a clear legal right to the relief prayed for; (2) respondent is under a clear legal duty to perform the act requested; and (3) relator

No. 20AP-288

has no plain and adequate remedy in the ordinary course of law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28, 29 (1983). The burden is on relator to establish all three elements by clear and convincing evidence. *State ex rel. Mars Urban Solutions, LLC v. Cuyahoga Cty. Fiscal Officer*, 155 Ohio St.3d 316, 2018-Ohio-4668, ¶ 6.

{¶ 7} Mandamus is an appropriate remedy when no statutory right of appeal is available to correct an abuse of discretion by an administrative body. *State ex rel. Pipoly v. State Teachers Retirement Sys.*, 95 Ohio St.3d 327, 2002-Ohio-2219, ¶ 14. Because there is no statutory right to appeal a decision of the SERS board, mandamus is available to correct an abuse of discretion in determining benefits eligibility. *See, e.g., State ex rel. Cydrus v. Ohio Pub. Emps. Retirement Sys.*, 127 Ohio St.3d 257, 2010-Ohio-5770, ¶ 13; *State ex rel. Hughes v. Pub. Emps. Retirement Sys.*, 36 Ohio St.3d 11, 13 (1988).

{¶ 8} An abuse of discretion exists when a decision is unreasonable, arbitrary, or unconscionable. *State ex rel. Shisler v. Ohio Pub. Emps. Retirement Sys.*, 122 Ohio St.3d 148, 2009-Ohio-2522, ¶ 11. A retirement board abuses its discretion if it enters an order that is not supported by some evidence or authorized by its enabling statutes. *State ex rel. Nese v. State Teachers Retirement Bd. of Ohio*, 136 Ohio St.3d 103, 2013-Ohio-1777, ¶ 26, citing *State ex rel. Schaengold v. Ohio Pub. Emps. Retirement Sys.*, 114 Ohio St.3d 147, 2007-Ohio-3760, ¶ 19; *State ex rel. Sales v. Ohio Pub. Emps. Retirement Bd.*, 156 Ohio St.3d 433, 2019-Ohio-1568, ¶ 14-15.

{¶ 9} In this case, the evidence is not at issue; rather, at issue is the board's construction and application of the relevant regulations governing membership in the SERS retirement plan. R.C. 3309.01 defines employee membership in SERS, in pertinent part, as follows:

> (B) "Employee" means all of the following:
>
> * * *
>
> (2) Any person who performs a service common to the normal daily operation of an educational unit *even though the person is employed and paid by one who has contracted with an employer to perform the service*, and the contracting board or educational unit shall be the employer for the purposes of administering the provisions of this chapter.

(Emphasis added.)

No. 20AP-288

{¶ 10} In turn, Ohio Adm.Code 3309-1-11, which amplifies R.C. 3309.01, provides:

(A) A request for a determination as to whether an individual or a group of individuals are required to be members of the school employees retirement system may be initiated by an employer, an affected individual, or the retirement system.

(1) An employer or individual who has a question as to membership requirements shall request in writing a determination by the retirement system. Such determination shall be made as provided in rule 3309-1-03 of the Administrative Code.

(2) When a membership determination has been initiated, the employer and any affected individual or individuals shall furnish such documents and information requested by the retirement system.

(B) If contributions have not been remitted and the retirement system determines the individual is covered by this system, the employer shall be liable for employee and employer compulsory contributions pursuant to rule 3309-1-13 of the Administrative Code. If no membership record and/or contributions are received by the system within thirty days of the determination, a charge, based on an estimated salary for such individual's position, against the employer shall be made for collection through the state school foundation program if available or by direct billing.

(C) If contributions have been remitted and the retirement system determines the individual is not covered by this system, any contributions received shall be unauthorized and shall be refunded.

(D)(1) The definition of "employee" in division (B)(2) of section 3309.01 of the Revised Code does not include a person who holds a position for which the person is required to have a certificate or license issued pursuant to sections 3319.22 to 3319.31 of the Revised Code.

(2) The retirement board has determined that the phrase *"service common to the normal daily operation of an educational unit"* as used in division (B)(2) of section 3309.01 of the Revised Code means:

(a) Any service required to be provided by an educational unit or the provision of which is governed by law, statute, or rule; or

No. 20AP-288

> (b) Any service necessary on a regular continuous basis to the efficient operation of an educational unit; or

> (c) Any service which, through custom and usage, has become a service commonly provided or procured by an educational unit on a regular continuous basis.

(Emphasis added.)   Prior to 2009, subsection "D" was not part of the regulation. Subsection "D" was added that year as an amendment to refine the definition of "employee" contained in R.C. 3309.01(B)(2).  Specifically, the amendment was intended to expound upon the meaning of the phrase "service common to the normal daily operation of an educational unit."

{¶ 11} In aid in construing the foregoing regulations, we first observe that courts "apply the rules of statutory construction to administrative rules as well." *McFee v. Nursing Care Mgt. of Am., Inc.*, 126 Ohio St.3d 183, 2010-Ohio-2744, ¶ 27, citing *State ex rel. Brilliant Elec. Sign Co. v. Indus. Comm.*, 57 Ohio St.2d 51, 54 (1979) (finding the "ordinary meaning rule" of statutory construction applies equally to administrative rules).  Thus, " '[t]he interpretation of statutes and administrative rules should follow the principle that neither is to be construed in any way other than as the words demand.' We must read undefined words and phrases in context and construe them in accordance with rules of grammar and common usage." *State ex rel. Turner v. Eberlin*, 117 Ohio St.3d 381, 2008-Ohio-1117, ¶ 14, quoting *Morning View Care Ctr.-Fulton v. Dept. of Human Servs.*, 148 Ohio App.3d 518, 2002-Ohio-2878, ¶ 36 (10th Dist.).

{¶ 12} Courts lack authority to ignore the plain and unambiguous language of a statute under the guise of statutory interpretation or liberal or narrow constructions.  *State ex rel. Massie v. Gahanna-Jefferson Pub. Schools Bd. of Edn.*, 76 Ohio St.3d 584, 588 (1996).  Rather, a court's duty is to give effect to the words used in a statute, not to delete or insert words.  *State v. Maxwell*, 95 Ohio St.3d 254, 2002-Ohio-2121, ¶ 10.  If the words in a statute are " 'free from ambiguity and doubt, and express plainly, clearly and distinctly, the sense of the law-making body, there is no occasion to resort to other means of interpretation.' " *Silver Lining Group EIC Morrow Cty. v. Ohio Dept. of Edn. Autism Scholarship Program*, 10th Dist. No. 16AP-398, 2017-Ohio-7834, ¶ 34, citing *State v. Hairston*, 101 Ohio St.3d 308, 2004-Ohio-969, ¶ 12, quoting *Slingluff v. Weaver*, 66 Ohio St. 621 (1902), paragraph two of the syllabus.  A court must therefore read the words and

No. 20AP-288

phrases in context and construe them " 'according to the rules of grammar and common usage.' " *Independent Ins. Agents v. Fabe*, 63 Ohio St.3d 310, 314 (1992), quoting R.C. 1.42. In short, "[a]n unambiguous statute is to be applied, not interpreted." *Sears v. Weimer*, 143 Ohio St. 312 (1944), paragraph five of the syllabus.

{¶ 13} In this case the magistrate was tasked with determining whether the SERS board correctly determined that Eickholt was a public employee for purposes of membership in the SERS retirement plan during the years she worked as a contract employee as manager of Terra State's dining hall. Upon review, we find the magistrate correctly found that R.C. 3309.01(B)(2) clearly and unambiguously defines employee membership in SERS retirement plan, and that the board properly applied R.C. 3309.01(B)(2) to the evidence in this case when it determined that Eickholt was a public employee for the relevant time frame; that she was entitled to service credit for those years; and that Terra State was obligated to remit both the employer's and the employee's shares of contributions into SERS for such years. Furthermore, we find no merit to either of Terra State's objections to the magistrate's decision, as discussed below.

{¶ 14} In Terra State's first objection, two points are argued. The first point is that in response to Terra State's challenging SERS' position that Eickholt was an "employee" for purposes of SERS membership, a SERS staff member specifically cited to the 2009 version of Ohio Adm.Code 3309-1-11 in support for its position (*see* Stip. Record at 16.) Thus, asserts Terra State, this constitutes "evidence" that the regulation was being applied retroactively. The second point is that the magistrate failed to address, "in any meaningful way," whether the 2009 amendment to Ohio Adm.Code 3309-1-11 "retroactively created a "new obligation for [Terra State] based on its operations from 1991 to 2003." (May 5, 2021 Relator's Obj. at 5.) Neither point is valid.

{¶ 15} Regarding the first point, it is highly plausible that the SERS staff member simply cited to the amended version of Ohio Adm.Code 3309-1-11 to bolster the finding of the staff and explain SERS' position that Eickholt was an employee for purposes of SERS membership. More importantly, what SERS staff stated in its November 20, 2015 communication with Terra State is not dispositive in any way. What matters in this case is what action the board ultimately took, which was to adopt and ratify the findings of the staff. Put another way, if the SERS board had statutory authority supporting its

determination that Eickholt was an employee for purposes of membership in the SERS retirement plan, that is all that is necessary. The board did have such statutory authority by virtue of R.C. 3309.01(B)(2), irrespective of the amended version of Ohio Adm.Code 3309-1-11, as further expounded upon below.

{¶ 16} Regarding the second point of Terra State's first objection, contrary to the assertion that the magistrate did not adequately address the issue of retroactive application of Ohio Adm.Code 3309-1-11, we observe that the magistrate's decision specifically rejects this contention and explains that the amendment to the code section "did not modify the statutory definitions found in R.C. 3309.01(B)(2). The fact that the board expressed the desire to clarify and refine its interpretation of the statute does not make the new administrative code language novel." (April 14, 2021 Mag's. Decision at 9.) Although Terra State may not agree with the magistrate's assessment, its suggestion that the magistrate did not address the issue of retroactive application is simply incorrect.

{¶ 17} Moreover, we agree with the magistrate that irrespective of the 2009 amendment to Ohio Adm.Code 3309-1-11, "[h]ad the board considered the matter exclusively under R.C. 3309.01(B)(2), without reference to either version of the administrative code, interpretation of the statute would be reasonable and not subject to attack through a writ of mandamus." *Id.* at 9. In short, the clear and unambiguous language of R.C. 3309.01(B)(2), which was in effect during the time period Eickholt was working at Terra State, permitted the board to determine that Eickholt was an employee for purposes of SERS membership for that time period.

{¶ 18} Terra State's first objection to the magistrate's decision is overruled.

{¶ 19} In Terra State's second objection, in essence Terra State asserts that the board's action is not supported under the "some evidence" standard. As set forth above, a retirement board abuses its discretion if it enters an order that is not supported by some evidence or authorized by its enabling statutes. *State ex rel. Nese* at ¶ 26, citing *Schaengold* at ¶ 19; *Sales* at ¶ 14-15. As discussed previously, the issue in this case concerns the SERS board's application of the regulations pertaining to membership in the SERS retirement plan—*not* the factual findings of the board. As such, the "some evidence" standard of review is inapplicable in this matter. *See, e.g., State ex rel. Ohio Presbyterian Retirement Servs. v. Indus. Comm.*, 151 Ohio St.3d 92, 2017-Ohio-7577, ¶ 13. Put a different way, the only

relevant evidence in this case is that pertaining to whether Eickholt meets the definition of "employee" for purposes of SERS membership as set forth in the enabling statute R.C. 3309.01(B)(2).

{¶ 20} Furthermore, Terra State's argument that there is no evidence that the internal SERS policy on "contract employees" established in 1985 was ever disseminated to Terra State is of no help to its position. Whether or not Terra State had notice of R.C. 3309.01(B)(2), or the SERS board's position on the meaning of the phrase "service common to the normal daily operation of an educational unit" prior to 2009, when subsection (D) was added to Ohio Adm.Code 3309-1-11 to further refine the meaning of the phrase, is wholly irrelevant to the central issue of this case—which is, whether the SERS board had statutory authority supporting its determination that Eickholt was an employee for purposes of membership in the SERS retirement plan. Terra State has cited to no authority that supports the proposition that SERS has a duty to provide special notice of pertinent statutes and administrative regulations to state employers in connection with their obligations to comply with the requirements established by those statutes and regulations, nor is this court aware of any such authority.

{¶ 21} Also irrelevant is the "evidence" submitted by Terra State of its "good faith efforts to comply with SERS standards" after the amendment to Ohio Adm.Code 3309-1-11 in 2009. While proactive efforts to comply with the regulations on a going-forward basis are admirable, they do not change the fact that since the year 1965, R.C. 3309.01(B)(2) was in full force and had remained the same.

{¶ 22} Terra State's second objection to the magistrate's decision is overruled.

{¶ 23} In summation, the board did not abuse its discretion in determining that pursuant to R.C. 3309.01(B)(2), Donna Eickholt was a public employee for purposes of membership in the SERS retirement plan for the years pertinent to this case; that she was entitled to service credit for those years; and that Terra State was obligated to remit both the employer's and the employee's shares of contributions into SERS for those years. Therefore, for the foregoing reasons, we overrule the objections filed by Terra State. Having conducted an examination of the magistrate's decision and an independent review of the record pursuant to Civ.R. 53, we find the magistrate properly applied the relevant law to the salient facts in reaching the conclusion that Terra State is not entitled to a writ of

No. 20AP-288

mandamus. Accordingly, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein, and we deny relator's request for a writ of mandamus.

*Writ of mandamus denied; objections overruled.*

DORRIAN, P.J., and JAMISON J., concur.

———————————

No. 20AP-288

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. Terra State Community College,  :

        Relator,                :

v.                                :            No.  20AP-288

School Employees Retirement System   :         (REGULAR CALENDAR)
of Ohio Board,

                                   :

        Respondent.

                                   :

M A G I S T R A T E ' S   D E C I S I O N

Rendered on April 14, 2021

**On brief:** *Dave Yost,* Attorney General*,* and *Rory P. Callahan,* for relator.

**On brief:** *Dave Yost,* Attorney General, *Samuel A. Peppers, III,* and *Mary Therese Bridge*, for respondent.

IN MANDAMUS

{¶ 24} Relator, Terra State Community College, seeks a writ of mandamus ordering respondent, School Employees Retirement System of Ohio Board ("SERS" or "the board"), to vacate a determination by the board awarding SERS service credit to an individual and ordering Terra State to assume the cost of unpaid contributions for the pertinent period.

{¶ 25} Terra State asserts that SERS abused its discretion when it retroactively applied language in an Ohio Administrative Code section adopted in 2009 to determine that the employment of Donna Eickholt, employed with an independent contractor providing dining services at Terra State from 1991 to 2003, should be granted non-

No. 20AP-288

contributing service for that period for which Terra State would owe a contribution obligation in excess of $300,000.

Findings of Fact:

{¶ 26} 1. Terra State is a two-year community college located in Fremont, Ohio. It is established and governed under the provisions of Ohio Revised Code Chapter 3354.

{¶ 27} 2. SERS provides a retirement system for Ohio's non-teaching public school employees and is created and governed by Ohio Revised Code Chapter 3309. The SERS board manages SERS pursuant to R.C. 3309.03 et seq.

{¶ 28} 3. Terra State employees generally are SERS members as defined in R.C. 3309.01(B)(2), and Terra State pays and withholds the required employer and employee SERS contributions for these employees.

{¶ 29} 4. Terra State provides a dining hall service for its students and staff by contracting with an outside vendor.

{¶ 30} 5. Eickholt worked as cafeteria manager for AVI Foodsystems from 1991 to 2004, when AVI was the contracting vendor for Terra State's dining facility. The variance between her dates of service given by evidence in the administrative record and board's decision to award service credit only through 2003 is unexplained.

{¶ 31} 6. During her employment with AVI at Terra State, Eickholt was not classified as a SERS member, neither AVI nor Terra State made the requisite retirement contributions, and she contributed instead to the Social Security Retirement System.

{¶ 32} 7. After leaving AVI and Terra State, Eickholt began employment as a SERS member with another public-school employer.

{¶ 33} 8. In 2015, Eickholt contacted SERS to inquire whether she was eligible to acquire SERS credit for her time as cafeteria manager with AVI at Terra State.

{¶ 34} 9. SERS notified Terra State by letter dated November 23, 2015 of the following determination for Eickholt's service credit:

> We have processed the salary certification form for this member's contributing service. Since this service was rendered after July 1, 1991, and the member should have contributed during this time period, the employer must pay both employee and employer shares. The total cost for this service is:
>
> EMPLOYER COST: $300,239.01  SERVICE CREDIT: 12.589

> The member will receive the service credit for this time period. The member has received a copy of this statement.
>
> You may pay for this service either by direct payment to SERS or we will bill it through the employer trust fund billing. Please complete the form below and return it to SERS.

(Stip. at 18.)

{¶ 35} 10. Terra State contested the SERS staff determination that Eickholt was entitled to service credit and that Terra State would be obligated to pay the employee and employer contributions for the covered years. By letter dated December 22, 2015, the Employment Law Section of the Ohio Attorney General's Office, on behalf of Terra State, formally expressed an intent to appeal the staff determination to the committee on the basis that dining facility contract employees could not be SERS members when working at a community college, because the pertinent statutory sections prohibited Ohio community colleges from operating a dining facility. The notice also asserted that SERS had never before expressed a membership requirement for dining hall employees at Terra State when the facility was operated by an outside vendor. (Stip. at 19-20.)

{¶ 36} 11. In 2009, SERS revised its regulations found at Ohio Adm.Code 3309-1-11, adding language explicitly refining the definition of SERS membership requirements found in R.C. 3309.01(B)(2).

{¶ 37} 12. SERS noted in addressing Terra State's appeal that the new administrative code language merely reflected internal policy statements adopted in 1985 and incorporated into the SERS Treasurer's Manual as Appendix A no later than 1988. (Stip. at 63.)

{¶ 38} 13. In support of its appeal, Terra State submitted a copy of its food service agreement with AVI during the period covered by Eickholt's employment. Terra State also submitted a copy of subsequent dining hall agreements with a later vendor, The Cuyahoga Group, which, in response to the 2009 administrative code revisions, required the dining hall vendor to treat the contractor's employees as SERS members and make the required contributions.

{¶ 39} 14. To document Eickholt's employment, AVI submitted to SERS a letter giving Eickholt's dates of employment as August 1991 to February 2004 and her title as

general manager of the Terra State dining facility, without specifying wages or other information. (Stip. at 14.)

{¶ 40} 15. To substantiate her employment and earnings, Eickholt submitted W-2 tax forms for some, but not all, of her years of employment with AVI at Terra State. (Stip. at 9-14.)

{¶ 41} 16. On May 24, 2016, the board met and voted pursuant to Ohio Adm. Code 3309-1-03(D)(1) to adopt the SERS staff determination that Eickholt performed SERS-covered employment for Terra State as an AVI employee from 1991 to 2003. (Stip. at 66.)

{¶ 42} 17. Terra State filed its complaint for a writ of mandamus with this court on May 26, 2020.

Discussion and Conclusions of Law:

{¶ 43} Mandamus is an appropriate remedy when no statutory right of appeal is available to correct an abuse of discretion by an administrative body. *State ex rel. Pipoly v. State Teachers Retirement Sys.*, 95 Ohio St.3d 327, 2002-Ohio-2219, ¶ 14. Because there is no right to appeal a decision of the SERS board, mandamus is available to correct an abuse of discretion in determining benefits eligibility. *See, e.g.*, *State ex rel. Cydrus v. Ohio Pub. Emps. Retirement Sys.*, 127 Ohio St.3d 257, 2010-Ohio-5770, ¶ 13; *State ex rel. Hughes v. Pub. Emps. Retirement Sys.*, 36 Ohio St.3d 11, 13 (1988).

{¶ 44} An abuse of discretion exists when a decision is unreasonable, arbitrary, or unconscionable. *State ex rel. Shisler v. Ohio Pub. Emps. Retirement Sys.*, 122 Ohio St.3d 148, 2009-Ohio-2522, ¶ 11. The retirement board abuses its discretion if it enters an order that is not supported by some evidence or authorized by its enabling statutes. *State ex rel. Nese v. State Teachers Retirement Bd. of Ohio*, 136 Ohio St.3d 103, 2013-Ohio-1777, ¶ 26, citing *State ex rel. Schaengold v. Ohio Pub. Emps. Retirement Sys.*, 114 Ohio St.3d 147, 2007-Ohio-3760, ¶ 19; *State ex rel. Sales v. Ohio Pub. Emps. Retirement Bd.*, 156 Ohio St.3d 433, 2019-Ohio-1568, ¶ 14-15.

{¶ 45} Terra State asserts that the board's determination, 12 years after the fact, that an employee working for an outside contractor was SERS-eligible constitutes an abuse of discretion and retroactive application of the 2009 amendments to Ohio Adm.Code 3309-1-11. SERS responds that the determination of SERS membership was actually made under

statutes that remained unchanged since the time of employment, and that the subsequent amendment to the administrative code did not represent a modification to the governing law. SERS thus postulates that the application of the 2009 administrative code provisions does not warrant examination under the standard for retroactive application of statutes and regulations.

{¶ 46} Section 28, Article II of the Ohio Constitution prohibits the General Assembly from passing retroactive laws and protects vested rights from new legislative encroachments. *Smith v. Smith,* 109 Ohio St.3d 285, 2006-Ohio-2419, ¶ 6, citing *Vogel v. Wells*, 57 Ohio St.3d 91, 99 (1991). "The retroactivity clause nullifies those new laws that 'reach back and create new burdens, new duties, new obligations, or new liabilities not existing at the time [the statute becomes effective].' " *Bielat v. Bielat*, 87 Ohio St.3d 350, 352-53 (2000), quoting *Miller v. Hixson*, 64 Ohio St. 39, 51 (1901). The constitutional prohibition against retroactive impairment of vested substantive rights does not prevent the General Assembly from enacting retroactive legislation that is merely remedial in nature. *State v. Consilio*, 114 Ohio St.3d 295, 2007-Ohio-4163, ¶ 9, citing *State v. LaSalle*, 96 Ohio St.3d 178, 2002-Ohio-4009, ¶ 13, and *State ex rel. Slaughter v. Indus. Comm.*, 132 Ohio St. 537, 542 (1937).

{¶ 47} R.C. 1.48 provides that "A statute is presumed to be prospective in its operation unless expressly made retrospective." *See Van Fossen v. Babcock & Wilcox Co.*, 36 Ohio St.3d 100, 105 (1988). Thus, courts apply a two-part test to evaluate whether statutes may be applied retroactively. First, the court determines as a threshold matter whether the statute is expressly made retroactive. *Consilio* at ¶ 10, citing *LaSalle* at ¶ 14, citing *Van Fossen*, 36 Ohio St.3d 100, at paragraphs one and two of the syllabus. Then, if the statute is clearly intended to be retroactive, the court determines under the Ohio Constitution whether the statute is substantive or remedial, and if retroactive application impairs a vested contractual right. *Consilio* at ¶ 10, citing *LaSalle* at ¶ 14; *Hope Academy Broadway Campus v. State Dept. of Edn.*, 10th Dist. No. 07AP-758, 2008-Ohio-4694, ¶ 11-12.

{¶ 48} The prohibition against retroactive legislative enactments also applies to rules and regulations promulgated by administrative agencies pursuant to existing statutes. *See Martin v. Ohio Dept. of Human Serv.*, 130 Ohio App.3d 512 (10th Dist. 1998)

No. 20AP-288

(addressing retroactivity of regulation regarding Medicaid eligibility); *Murphy v. Ohio Dept. of Hwy. Safety*, 18 Ohio App.3d 99 (11th Dist. 1984) (subjecting ODOT regulation to retroactivity analysis); *Fraternal Order of Police Youngstown Lodge No. 28 v. Hunter*, 49 Ohio App.2d 185 (7th Dist.1975); *Cosby v. Franklin Cty. Dept. of Job and Family Servs.*, 10th Dist. No. 07AP-41, 2007-Ohio-6641, ¶ 15.

{¶ 49} The magistrate notes at the outset that attribution of public retirement system credit long after employment has concluded is not, of itself, unusual in this area of law, nor is attribution of such credit for periods in which the employee previously paid and received credit for Social Security Retirement benefits. *See, e.g., State ex rel. Altman-Bates v. Public Emps. Retirement Bd.*, 148 Ohio St.3d 21, 2016-Ohio-3100.

{¶ 50} At all times pertinent to this case, R.C. 3309.01 defined SERS employee membership as follows:

> (B) "Employee" means all of the following:
>
> * * *
>
> (2) Any person who performs a service common to the normal daily operation of an educational unit even though the person is employed and paid by one who has contracted with an employer to perform the service, and the contracting board or educational unit shall be the employer for the purposes of administering the provisions of this chapter.
>
> Prior to 2009, Ohio Adm.Code 3309-1-11 did not amplify on this definition:
>
> (A) A request for a determination as to whether an individual or a group of individuals are required to be members of the school employees retirement system may be initiated by an employer, an affected individual, or the retirement system.
>
> (1) An employer or individual who has a question as to membership requirements shall request in writing a determination by the retirement system. Such determination shall be made as provided in rule 3309-1-03 of the Administrative Code.
>
> (2) When a membership determination has been initiated, the employer and any affected individual or individuals shall furnish such documents and information requested by the retirement system.

(B) If contributions have not been remitted and the retirement system determines the individual is covered by this system, the employer shall be liable for employee and employer compulsory contributions pursuant to rule 3309-1-13 of the Administrative Code. If no membership record and/or contributions are received by the system within thirty days of the determination, a charge, based on an estimated salary for such individual's position, against the employer shall be made for collection through the state school foundation program if available or by direct billing.

(C) If contributions have been remitted and the retirement system determines the individual is not covered by this system, any contributions received shall be unauthorized and shall be refunded.

In 2009, SERS amended its regulations adding Subsection D to Ohio Adm.Code 3309-1-11:

(1) The definition of "employee" in division (B)(2) of section 3309.01 of the Revised Code does not include a person who holds a position for which the person is required to have a certificate or license issued pursuant to sections 3319.22 to 3319.31 of the Revised Code.

(2) The retirement board has determined that the phrase "service common to the normal daily operation of an educational unit" as used in division (B)(2) of section 3309.01 of the Revised Code means:

(a) Any service required to be provided by an educational unit or the provision of which is governed by law, statute, or rule; or

(b) Any service necessary on a regular continuous basis to the efficient operation of an educational unit; or

(c) Any service which, through custom and usage, has become a service commonly provided or procured by an educational unit on a regular continuous basis.

{¶ 51} Terra State argues that the provisions of R.C. 3309.01(B)(2) defining an employee as "[a]ny person who performs a service common to the normal daily operation of an educational unit" do not apply here because dining services of a community college are not presumptively an educational function, and in fact statutorily excluded from

standard operating activities for such an institution. Terra State argues that R.C. 3354.121(A)(1), in effect during all pertinent periods for the present controversy, in fact, limits the use of public funds to operate a dining service for Terra State. Terra State relies on the following language in R.C. 3354.121(A)(1):

> Each community college district may acquire, by purchase, lease, lease-purchase, lease with option to purchase, or otherwise, construct, equip, furnish, reconstruct, alter, enlarge, remodel, renovate, rehabilitate, improve, maintain, repair, and operate, and lease to or from others, auxiliary facilities or education facilities, *except housing and dining facilities*, and may pay for the facilities out of available receipts of such district. To pay all or part of the costs of auxiliary facilities or education facilities, except housing and dining facilities, and any combination of them, and to refund obligations previously issued for such purpose, each community college district may issue obligations in the manner provided by and subject to the applicable provisions of section 3345.12 of the Revised Code.

(Emphasis added.)

{¶ 52} Reliance on this section appears problematic in light of the fact that Terra State indisputably provided a food service to its students and staff during the period in question, albeit by contracting with an outside vendor. Moreover, R.C. 3345.12(A)(3) defines housing and dining facilities as used in R.C. 3354.121 and elsewhere in related statutes, as "buildings, structures, and other improvements, and equipment, real estate, and interests in real estate therefor, to be used for or in connection with dormitories or other living quarters and accommodations, or related dining halls or other food service and preparation facilities, for students, members of the faculty, officers, or employees of the institution of higher education, and their spouses and families."

{¶ 53} The magistrate first agrees with SERS that R.C. 3354.121, despite Terra State's attempt to apply the language otherwise, does not prohibit *operation* of a dining facility. More conclusively, even if it did, then Terra State could not seek protection from SERS employee definitions by virtue of operating such a facility in contravention of a statutory limitation governing community college operations and funding generally, and not expressly creating an exception to Ohio's public retirement systems.

{¶ 54} Turning to the board's application of law to assess Eickholt's status as a covered employee, interpretation of R.C. 3309.01(B)(2) to define SERS employees is fairly straightforward. Are food service employees working for an outside vendor or contractor persons performing "a service common to the normal daily operation of an educational unit even though the person is employed and paid by one who has contracted with an employer to perform the service?" The court's primary concern interpreting this language is to discern legislative intent. *State ex rel. Savarese v. Buckeye Local School Dist. Bd. Of Edn.,* 74 Ohio St.3d 543-45 (1996). As such, legislative intent will be found in reading and applying the plain language of the statute. *State v. Vanzandt,* 142 Ohio St.3d 223, 2015-Ohio-236, ¶ 7. When the meaning of the statute is unambiguous and definite, it should be applied as written and no further parsing or interpretation is required. *Savarese* at 545. This court will therefore read the words and phrases in context and construe them according to their common usage. *Independent Ins. Agents v. Fabe,* 63 Ohio St.3d 310 (1992).

{¶ 55} The magistrate finds that the usual meanings of the words employed by the legislature in this case, common, normal, daily, and operation, without unnecessary resort to dictionary definitions, surely encompass the operation of a dining hall or food facility for the benefit of students at a community college. Terra State does not argue, in fact, that operation of such facilities is in any way other than common, normal, or daily. Terra State has in practice operated such a service since at least 1991 through the present through two or more successive outside vendors. Eickholt was indisputably employed and paid by AVI, which indisputably contracted with Terra State to provide the food service.

{¶ 56} The magistrate concludes that modification to Ohio Adm.Code 3309-1-11 did not modify the statutory definitions found in R.C. 3309.01(B)(2). The fact that the board expressed the desire to clarify and refine its interpretation of the statute does not make the new administrative code language novel, and, thus, there is no question of retro application. Had the board considered the matter exclusively under R.C. 3309.01(B)(2), without reference to either version of the administrative code, interpretation of the statute would be reasonable and not subject to attack through a writ of mandamus.

{¶ 57} In summary, the magistrate finds that the board has reasonably applied the provisions of R.C. 3309.01(B)(2) under which it is tasked with making rulings on employee

No. 20AP-288

eligibility and membership and has not abused its discretion.  It is the decision and recommendation of the magistrate that this court deny the requested writ of mandamus.

/S/ MAGISTRATE
MARTIN L. DAVIS

## NOTICE TO THE PARTIES

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).